✓ FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 0 6 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ____________ P DEPUTY

David Zev Ribakoff
In Pro Per

2805 Club Drive
Los Angeles, CA 90064
310.994-1866 phone
310.943.2126 fax
davidribakoff@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HEART TRONICS, INC., a Delaware Corporation f/k/a Signalife, Inc.; JOSEPH CYRIL MAJER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; ALICIA DORA MAHER, an individual; POLLET, RICHARDSON & PATEL, a California Law Corporation; LUAN KINH PHAN, an individual; MARY CLAIRE PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; JANE DOE RIBAKOFF, an individual; ABC DEFENDANTS 1-50<br><br>Defendants. | No. CV-09-128-PHX-FJM<br>[Hon. Frederick J. Martone]<br><br>**DEFENDANT DAVID Z. RIBAKOFF'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, FOR TRANSFER TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES** |

## TABLE OF CONTENTS


TABLE OF CONTENTS ........................................................................2

TABLE OF AUTHORITIES ....................................................................3

NOTICE .........................................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES ........................................6

I. INTRODUCTION ............................................................................6

II. THE CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ................................................................................7

A. There is a Complete Lack of Continuous, Frequent Contacts Necessary for General Jurisdiction in Arizona ..............................................10

B. Plaintiffs Cannot Establish Specific Jurisdiction Either ........................11

III. ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA ................................................12

IV. CONCLUSION ..............................................................................13

## TABLE OF AUTHORITIES

### FEDERAL CASES:

A.J. Industries, Inc. v. United States District Court
503 F.2d 384, 389 (9th Cir. 1974) .......... 12

American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert
94 F.3d 586, 588-89 (9th Cir. 1996) .......... 9

AT&T v. Compagnie Bruxelles Lambert
94 F.3d 586, 588 (9th Cir.1996) .......... 9

Core-Vent Corp. v. Nobel Industries AB
11 F.3d 1482, 1485 (9th Cir.1993) .......... 11

Doe v. North American Red Cross
112 F.3d 1048, 1050 (9th Cir. 1997) .......... 8

Doe v. Unocal Corp.
248 F.3d 915, 922, 925 (9th Cir.2001) .......... 9, 10

Gator.com Corp. v. L.L. Bean, Inc.
341 F.3d 1072, 1075-76 (9th Cir. 2003) .......... 9

Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarin Co.
284 F.3d 1114, 1123, 1124 (9th Cir. 2002) .......... 8,9, 10

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.
328 F.3d 1122, 1129 (9th Cir. 2003) .......... 11

Helicopteros Nacionales de Colombia , S.A. v. Hall
466 U.S. 408, 416 (1984) .......... 10

International Shoe Co. v. Washington
326 U.S. 310, 316 (1945) .......... 8

Lake v. Lake
817 F.2d 1416, 1421 (9th Cir.1987) .......... 11

///

Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.
84 F.3d 560, 567 (2d Cir.), cert. denied, 516 U.S. 1006 (1996) ................................10

Omeluk v. Langsten Slip & Batbyggeri A/S
52 F.3d 267, 270 (9th Cir. 1995) ......................................................10

Van Dusen v. Barrack
376 U.S. 612, 616 (1964) ......................................................12

**OTHER AUTHORITIES:**

Federal Rule of Civil Procedure 12(b)(2) ..................................................5

28 U.S.C. § 1404(a) ......................................................5, 12

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant David Zev Ribakoff, will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing this Action on the ground that the Court lacks personal jurisdiction over them, or alternatively, for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the Central District of California on the grounds that such a transfer would serve the convenience of parties and witnesses and the interests of justice and the jurisdictional requirements are met in the Central District. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of David Zev Ribakoff, all papers on file in this action, any matter that may be judicially noticed, and any such other and further matters as this Court may consider at the time of hearing thereon.

Dated: February 6, 2009

Respectfully submitted,

By: ______________________

David Zev Ribakoff, In Pro Per

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a case in which Plaintiffs have filed a frivolous lawsuit seeking to extort defendants into paying nuisance settlement money to go away. Plaintiffs allege that they were wrongfully sued in a previous state court action in California by Signalife, Inc., now known as Defendant Heart Tronics, Inc. ("the Prior California Action"). In that Prior California Action, Signalife sought a declaratory order stating that it did not send out a junk fax to Plaintiffs and was not liable to Plaintiffs. Signalife did so in response to demand letters it received from Plaintiffs threatening suit if Signalife did not pay off Plaintiffs. Signalife was originally represented by Richardson Patel LLP in that Prior California Action, with defendant Luan Kinh Phan ("Mr. Phan") as one of the attorneys. On or about September 3, 2008, Richardson & Patel LLP was substituted out as counsel for Signalife and replaced by defendant Joseph Maher. After Richardson & Patel was no longer counsel, the California court apparently dismissed the Prior California Action.

Plaintiffs' claim that Defendants committed abuse of process by presenting an ex parte application to the Court requesting a continuance of the hearing on Plaintiffs' Motion to Quash the Summons and Complaint, so that limited jurisdictional discovery could be conducted. Notably, the Court found good cause to grant the ex parte application and one of the pieces of evidence supporting the application showed Peter Strojnik (senior, not junior) at a prior California address. Plaintiffs further claim they suffered $22,000 in damages in the form of attorneys' fees in the Prior California Action. Plaintiffs now seek "no less than $5,000,000.00" in punitive damages and $500,000 in emotional distress damages. Plaintiffs have cast a broad net suing not only Signalife (now known as Heart

Tronics), but also all the lawyers and their respective wives.[1] Plaintiffs have named defendants who are all non-Arizona residents. Defendant David Ribakoff was an attorney for Signalife at the beginning of the Prior California Action, until Richardson Patel LLP was substituted out shortly after the filing.

Mr. Ribakoff is a long-time California resident and now moves to dismiss the Complaint in this action for lack of personal jurisdiction, or in the alternative, to transfer venue to the Central District of California. Mr. Ribakoff respectfully does not have sufficient contacts with Arizona to justify hailing him into an Arizona court. He does not have continuous contacts with Arizona to justify "general jurisdiction." Nor is there a basis to establish specific jurisdiction because Plaintiffs' claims do not arise out of any purposeful contact with Arizona. Plaintiffs' claims arise out of the filing of the Prior California Action which activities occurred in California, not Arizona.

Alternatively, the matter should be transferred to United States District Court for the Central District of California because California is in fact the location where, except for Plaintiffs, all of the defendants, witnesses and documentary evidence are located. Moreover, unlike Arizona, California has an anti-SLAPP statute that can quickly extinguish this frivolous action and require Plaintiffs to pay for Defendants' attorneys' fees. Thus, Mr. Ribakoff alternatively requests that the Court transfer this matter to the Central District of California pursuant to 28 U.S.C. section 1404(a).

[1] Paragraph 10 of Plaintiff's complaint purports to name "Jane Doe Ribakoff," the alleged wife of Luan Kinh Phan, as a defendant. This specious allegation highlights the transparent, frivolous nature of this lawsuit. No such person exists, and so this motion is being filed by David Zev Ribakoff only.

## II.

## THE CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

In a removal case such as this, the federal court's personal jurisdiction over a defendant is limited in extent to the personal jurisdiction the original state court properly could have under the state's long-arm statute and federal due process requirements. In this case, Arizona has a long-arm statute that is intended to have the full reach permissible under the federal Constitution, so the applicable authorities are those establishing federal due process limitations on a state court's exercise of personal jurisdiction, specifically the minimum contacts requirements. Doe v. North American Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997); see Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarin Co., 284 F.3d 1114, 1123 (9th Cir. 2002).

Generally, the Supreme Court has stated that, in order for a court's assertion of personal jurisdiction over a defendant to satisfy due process, the defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation marks omitted). There are two primary bases for exercise of personal jurisdiction over a defendant: (1) "general jurisdiction," requiring the defendant to have broad and frequent contacts with the forum state; and (2) "specific jurisdiction," which may rest on more limited contacts specifically related to the plaintiff's cause of action. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002).

In either case, jurisdiction must be based on the defendant's purposeful contacts with the forum state:

> Whether dealing with specific or general jurisdiction, the touchstone remains "purposeful availment." By requiring that "contacts proximately result from

> actions by the defendant **himself** that create a 'substantial connection' with the forum State, the Constitution ensures that "a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."

Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d at 1123 (emphasis by the court). Neither basis is present here, as incontrovertibly established by the affidavits accompanying this Motion.

The burden of establishing a basis for jurisdiction is on the plaintiff. Where, as here, the defendant moves to dismiss as its initial response to the complaint, a plaintiff must meet his burden by making at least a prima facie showing that personal jurisdiction exists. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001); American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996). The plaintiff may not rely on mere allegations in his complaint when those are controverted by factual affidavits submitted by the defendant. Rather, the plaintiff must produce admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction:

> It is the plaintiff's burden to establish that a district court has jurisdiction. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001) (citation omitted). For purposes of a Motion to Dismiss, the plaintiff's version of the facts are assumed to be true unless directly controverted. Id. " '[C]onflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.' " Id. (quoting AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996)).

Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1075-76 (9th Cir. 2003). (If the Court determines to hold an evidentiary hearing, the plaintiff must establish the necessary facts

by a preponderance of the evidence. Metropolitan Life Insurance Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir.), cert. denied, 516 U.S. 1006 (1996).

Here, Plaintiffs cannot meet their burden of establishing a basis for personal jurisdiction over Mr. Ribakoff. As explained below, the indisputable facts show a complete absence of meaningful contacts between them and Arizona.

**A. There is a Complete Lack of Continuous, Frequent Contacts Necessary for General Jurisdiction in Arizona.**

To establish general jurisdiction over Mr. Ribakoff in Arizona, Plaintiffs must prove that they have had "substantial, continuous, and systematic" contacts with Arizona. Helicopteros Nacionales de Colombia , S.A. v. Hall, 466 U.S. 408, 416 (1984); Doe v. Unocal Corp., 248 F.3d at 925; Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). Such contacts must be such as to "approximate physical presence" by the defendant in the forum. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d at 1124.

Mr. Ribakoff has had no such continuous or substantial contacts with Arizona. As set forth in their Declarations, Mr. Ribakoff is a long-standing California resident. He has never owned or leased any property in Arizona, or had any office, business facility, or business operations of any kind in Arizona. He has never conducted any financial transactions in Arizona. He does not not pay any income, franchise, business license, employment, or property taxes to the State of Arizona or any of its political subdivisions. He has never before been a party in an Arizona lawsuit.

Indeed, Mr. Ribakoff has never conducted any business in Arizona, having visited there three times as a tourist, the last time being approximately ten years ago. Thus, there is no basis for general jurisdiction over Mr. Ribakoff in Arizona.

///

**B. Plaintiffs Cannot Establish Specific Jurisdiction Either.**

To establish specific jurisdiction, Plaintiffs must prove each of the following three required elements:

> "(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1485 (9th Cir.1993) and Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)).

Here, Plaintiffs claims arise out of actions that occurred in California. Plaintiffs allege two causes of action arising out of the Prior California Action – (1) Abuse of Process and (2) Civil Conspiracy to Commit Abuse of Process. In a nut shell, Plaintiffs allege that there were no grounds to file an ex parte application for jurisdictional discovery (even though the Court granted it, based on documentary evidence showing a prior address in California associated with the social security number of Peter Strojnik (senior)).

Plaintiffs have not – and cannot – establish that their claims arise out of any purposeful contact in Arizona by Mr. Ribakoff (or any other defendant). Thus, there is no basis for specific jurisdiction either.

///

///

///

## III.

## ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA

In the alternative, Mr. Ribakoff requests that the Court transfer this action to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a). Section 1404(a) allows this Court to make such a transfer "[f]or the convenience of parties, witnesses and in the interests of justice," where the transferee court would have subject matter and personal jurisdiction over the case and parties and where venue would be proper. It is apparent from the Complaint that this action has virtually nothing to do with Arizona. None of the Defendants resides in Arizona. The witnesses in this matter (other than Plaintiffs) are located in the Central District of California. There are no pertinent records in Arizona. The entire basis for Plaintiffs' Complaint – i.e., the filing of the Prior California Action – occurred in California. Balancing the location of the defendants, witnesses and evidence, there is good cause to transfer the case to the Central District of California. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); A.J. Industries, Inc. v. United States District Court, 503 F.2d 384, 389 (9th Cir. 1974).

Further, because the claim is for alleged abuse of process in California, the California judicial system has a greater interest in this action than this Court. Indeed, California provides for a streamlined motion procedure, commonly called an anti-SLAPP motion (California Code of Civil Procedure section 425.16), which would require Plaintiffs' to set forth a prima facie case or face summary dismissal and payment of the moving parties' attorneys' fees. This frivolous lawsuit presents a textbook case for such a motion (and may explain why Plaintiffs did not file in California to begin with).

///

///

///

## IV.

## CONCLUSION

Plaintiffs cannot meet their burden of proving any basis for personal jurisdiction over Mr. Ribakoff in Arizona. The Complaint should be dismissed, or alternatively the action should be transferred to the Central District of California.

DATED this 6 day of February 2009

By ______________________
David Z. Ribakoff, in Pro Per

COPY of the foregoing
mailed this 6 day of
February, 2009 to:

Peter Kristofer Strojnik, Esq.
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
pksesq@aol.com

Joseph C. Maher, II
9025 Wilshire Blvd. 5th Floor
Beverly Hills, CA 90211

Heart Tronics, Inc.
C/O Its Registered Agent
Incorporating Services, LTD
3500 N Dupont Hwy
Dover, DE 19901

Mary Phan
5885 W. 74th Street
Los Angeles, CA 90045

Luan Phan
5885 W. 74th Street
Los Angeles, CA 90045