___ FILED     ___ LODGED
___ RECEIVED  ___ COPY

FEB 0 9 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

1   Luan Kinh Phan
    Mary Claire Phan
2   In Pro Per

3   5885 W. 74th Street
    Los Angeles, CA  90045
4   310.216.6724  phone
    310.943.2126  fax
5   lkplaw@yahoo.com
    marycphan@yahoo.com

6

7

8

9                    UNITED STATES DISTRICT COURT

                         DISTRICT OF ARIZONA

10

11   PETER STROJNIK, P.C., an Arizona        )   No. CIV 2:09-CV-00128-FJM
     Corporation; PETER STROJNIK, an         )
     individual,                             )   DEFENDANTS LUAN KINH PHAN'S
12                                           )   AND MARY CLAIRE PHAN'S
                     Plaintiffs,             )   NOTICE OF MOTION AND MOTION
13                                           )   TO DISMISS FOR LACK OF
              v.                             )   PERSONAL JURISDICTION;
14                                           )   MEMORANDUM OF POINTS AND
     HEART TRONICS, INC., a Delaware         )   AUTHORITIES
15   Corporation f/k/a Signalife, Inc.; JOSEPH )
     CYRIL MAJER, II, an individual d/b/a THE )
16   LAW OFFICES OF JOSEPH C. MAHER;         )
     ALICIA DORA MAHER, an individual;       )
17   POLLET, RICHARDSON & PATEL, a           )
     California Law Corporation; LUAN KINH   )
18   PHAN, an individual; MARY CLAIRE        )
     PHAN, an individual; DAVID ZEV          )
19   RIBAKOFF, an individual; JANE DOE       )
     RIBAKOFF, an individual; ABC            )
20   DEFENDANTS 1-50                         )
                                             )
21                   Defendants.             )
                                             )
22   _____)

23

24

25

26

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................2

TABLE OF AUTHORITIES ...............................................................3

NOTICE .....................................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES ...............................6

I.     INTRODUCTION ...............................................................6

II.    THE CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL
       JURISDICTION ..................................................................7

       A.     There is a Complete Lack of Continuous, Frequent Contacts Necessary for
              General Jurisdiction in Arizona ....................................10

       B.     Plaintiffs Cannot Establish Specific Jurisdiction Either .......................11

III.   ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE
       CENTRAL DISTRICT OF CALIFORNIA ....................................12

IV.    CONCLUSION ..................................................................13

2

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES:

3

A.J. Industries, Inc. v. United States District Court
503 F.2d 384, 389 (9th Cir. 1974) ...............................................................12

American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert
94 F.3d 586, 588-89 (9th Cir. 1996) .............................................................9

AT&T v. Compagnie Bruxelles Lambert
94 F.3d 586, 588 (9th Cir.1996) ...................................................................9

Core-Vent Corp. v. Nobel Industries AB
11 F.3d 1482, 1485 (9th Cir.1993) ...............................................................11

Doe v. North American Red Cross
112 F.3d 1048, 1050 (9th Cir. 1997) .............................................................8

Doe v. Unocal Corp.
248 F.3d 915, 922, 925 (9th Cir.2001) .......................................................9, 10

Gator.com Corp. v. L.L. Bean, Inc.
341 F.3d 1072, 1075-76 (9th Cir. 2003) ......................................................9

Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarin Co.
284 F.3d 1114, 1123, 1124 (9th Cir. 2002) .................................................8, 10

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.
328 F.3d 1122, 1129 (9th Cir. 2003) ...........................................................11

Helicopteros Nacionales de Colombia , S.A. v. Hall
466 U.S. 408, 416 (1984) ............................................................................10

International Shoe Co. v. Washington
326 U.S. 310, 316 (1945) ............................................................................8

Lake v. Lake
817 F.2d 1416, 1421 (9th Cir.1987) ...........................................................11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ///

DEFENDANTS' PHANS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.
84 F.3d 560, 567 (2d Cir.), cert. denied, 516 U.S. 1006 (1996) ……………………………..9

Omeluk v. Langsten Slip & Batbyggeri A/S
52 F.3d 267, 270 (9th Cir. 1995) …………………………………….……….......10

Van Dusen v. Barrack
376 U.S. 612, 616 (1964) ……………………………………………………….......12

**OTHER AUTHORITIES:**

Federal Rule of Civil Procedure 12(b)(2) ……………………………………………….5

28 U.S.C. § 1404(a) ………………………………………………………5, 12

4

1    TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

2            PLEASE TAKE NOTICE that Defendants Luan Kinh Phan and Mary Claire Phan

3    will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order

4    dismissing this Action on the ground that the Court lacks personal jurisdiction over them,

5    or alternatively, for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the

6    Central District of California on the grounds that such a transfer would serve the

7    convenience of parties and witnesses and the interests of justice and the jurisdictional

8    requirements are met in the Central District.  The Motion will be made in the above-

9    captioned Court, located at Sandra Day O'Connor U.S. Courthouse, 401 W. Washington

10   Street, Suite 130, SPC 1, Phoenix, AZ 85003-2118.  This Motion is based on this Notice

11   of Motion and Motion, the attached Memorandum of Points and Authorities, the

12   Declarations of Luan Kinh Phan and Mary Claire Phan, all papers on file in this action,

13   any matter that may be judicially noticed, and any such other and further matters as this

14   Court may consider.

15          The Phans do not request oral argument.  If they Court sets a hearing date and

16   requires oral argument, then the Phans request to be able to do so by telephone since they

17   live in California and are representing themselves in pro per.

18   Dated:  __February 6, 2009                    Respectfully submitted,

19

20

21   By: _____
                Luan Kinh Phan, In Pro Per

22

23

24   By: _____
                Mary Claire Phan, In Pro Per

25

26

5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This is a case in which Plaintiffs have filed a frivolous lawsuit seeking to extort defendants into paying nuisance settlement money to go away.  Plaintiffs allege that they were wrongfully sued in a previous state court action in California by Signalife, Inc., now known as Defendant Heart Tronics, Inc.  ("the Prior California Action").  In that Prior California Action, Signalife sought a declaratory order stating that it did not send out a junk fax to Plaintiffs and was not liable to Plaintiffs.  Signalife did so in response to demand letters it received from Plaintiffs threatening suit if Signalife did not pay off Plaintiffs.  Signalife was originally represented by Richardson Patel LLP in that Prior California Action, with defendant Luan Kinh Phan ("Mr. Phan") as one of the attorneys.  On or about September 3, 2008, Richardson & Patel LLP was substituted out as counsel for Signalife and replaced by defendant Joseph Maher.  After Richardson & Patel was no longer counsel, the California court apparently dismissed the Prior California Action.

Plaintiffs claim that Defendants committed abuse of process by prosecuting the Prior California Action.  Plaintiffs further claim they suffered $22,000 in damages in the form of attorneys' fees in the Prior California Action.  Plaintiffs now seek "no less than $5,000,000.00" in punitive damages.  Plaintiffs have cast a broad net suing not only Signalife (now known as Heart Tronics), but also all the lawyers, and the wives of the lawyers, who had absolutely nothing to do with the lawsuit.

Plaintiffs have named defendants who are all non-Arizona residents.  Defendant Luan Phan was an attorney for Signalife at the beginning of the Prior California Action, until Richardson Patel LLP was substituted out shortly after the filing.  Defendant Mary Claire Phan ("Mrs. Phan") is Mr. Phan's wife.  Mrs. Phan is a full-time homemaker.  She has been a homemaker to their 4 children for over 13 years.  She is not a lawyer; she's

1  never been employed by any law firm, and had absolutely nothing to do with the Prior

2  California Action whatsoever.  The first time she heard of Plaintiffs was when she

3  received a copy of their Complaint in the mail.

4          When Mr. Phan first received a demand letter from Plaintiffs threatening to file this

5  lawsuit, he sent a letter to Plaintiffs explaining that his wife is not a lawyer and had

6  nothing to do with the Prior California Action.  Plaintiffs ignored the facts and

7  nevertheless proceeded to sue Mrs. Phan without any basis for doing so.  Plaintiffs also

8  sued the wives of two other lawyers purely to harass and extort settlement money.

9          Mr. and Mrs. Phan are long-time California residents and they now move to dismiss

10  the Complaint in this action for lack of personal jurisdiction, or in the alternative, to

11  transfer venue to the Central District of California.  Mr. and Mrs. Phan respectfully submit

12  that they do not have sufficient contacts with Arizona to justify hailing them into an

13  Arizona court.  They have not had continuous contacts with Arizona to justify "general

14  jurisdiction."  Nor is there a basis to establish specific jurisdiction because Plaintiffs'

15  claims do not arise out of any purposeful contact they had with Arizona.

16          Alternatively, the matter should be transferred to California because California is in

17  fact the location where, except for Plaintiffs, all of the defendants, witnesses and

18  documentary evidence are located.  Thus, Mr. and Mrs. Phan alternatively request that the

19  Court transfer this matter to the Central District of California based on the doctrine of

20  forum non conveniens.

21                                      **II.**

22              **THE CASE SHOULD BE DISMISSED FOR LACK**

23                    **OF PERSONAL JURISDICTION**

24          In a removal case such as this, the federal court's personal jurisdiction over a

25  defendant is limited in extent to the personal jurisdiction the original state court properly

26  could have under the state's long-arm statute and federal due process requirements.  In this

                                        7

1   case, Arizona has a long-arm statute that is intended to have the full reach permissible

2   under the federal Constitution, so the applicable authorities are those establishing federal

3   due process limitations on a state court's exercise of personal jurisdiction, specifically the

4   minimum contacts requirements.  <u>Doe v. North American Red Cross</u>, 112 F.3d 1048, 1050

5   (9th Cir. 1997); <u>see</u> <u>Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarin Co.</u>, 284

6   F.3d 1114, 1123 (9th Cir. 2002).

7           Generally, the Supreme Court has stated that, in order for a court's assertion of

8   personal jurisdiction over a defendant to satisfy due process, the defendant must have

9   "minimum contacts" with the forum state "such that the maintenance of the suit does not

10  offend traditional notions of fair play and substantial justice."  <u>International Shoe Co. v.</u>

11  <u>Washington</u>, 326 U.S. 310, 316 (1945) (quotation marks omitted).  There are two primary

12  bases for exercise of personal jurisdiction over a defendant: (1) "general jurisdiction,"

13  requiring the defendant to have broad and frequent contacts with the forum state; and (2)

14  "specific jurisdiction," which may rest on more limited contacts specifically related to the

15  plaintiff's cause of action.  <u>Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.</u>,

16  284 F.3d 1114, 1123 (9th Cir. 2002).

17          In either case, jurisdiction must be based on the defendant's purposeful contacts

18  with the forum state:

19          Whether dealing with specific or general jurisdiction, the touchstone remains

20          "purposeful availment."  By requiring that "contacts proximately result from

21          actions by the defendant **himself** that create a 'substantial connection' with the

22          forum State, the Constitution ensures that "a defendant will not be haled into a

23          jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."

24  <u>Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.</u>, 284 F.3d at 1123

25  (emphasis by the court).  Neither basis is present here, as incontrovertibly established by

26  the affidavits accompanying this Motion.

8

1   The burden of establishing a basis for jurisdiction is on the plaintiff.  Where, as

2   here, the defendant moves to dismiss as its initial response to the complaint, a plaintiff

3   must meet his burden by making at least a prima facie showing that personal jurisdiction

4   exists.  Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001); American Telephone &

5   Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

6   The plaintiff may not rely on mere allegations in his complaint when those are

7   controverted by factual affidavits submitted by the defendant.  Rather, the plaintiff must

8   produce admissible evidence which, if believed, would be sufficient to establish the

9   existence of personal jurisdiction:

10          It is the plaintiff's burden to establish that a district court has

11          jurisdiction.  Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001)

12          (citation omitted).  For purposes of a Motion to Dismiss, the

13          plaintiff's version of the facts are assumed to be true unless directly

14          controverted.  Id. " '[C]onflicts between the facts contained in the

15          parties' affidavits must be resolved in [plaintiffs'] favor for purposes

16          of deciding whether a prima facie case for personal jurisdiction

17          exists.' " Id. (quoting AT&T v. Compagnie Bruxelles Lambert, 94

18          F.3d 586, 588 (9th Cir.1996)).

19   Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1075-76 (9th Cir. 2003).  (If the Court

20   determines to hold an evidentiary hearing, the plaintiff must establish the necessary facts

21   by a preponderance of the evidence.  Metropolitan Life Insurance Co. v. Robertson-Ceco

22   Corp., 84 F.3d 560, 567 (2d Cir.), cert. denied, 516 U.S. 1006 (1996).

23          Here, Plaintiffs cannot meet their burden of establishing a basis for personal

24   jurisdiction over Mr. and Mrs. Phan.  As explained below, the indisputable facts show a

25   complete absence of meaningful contacts between them and Arizona.

26   ///

9

**A.      There is a Complete Lack of Continuous, Frequent Contacts Necessary for General Jurisdiction in Arizona.**

To establish general jurisdiction over Mr. and Mrs. Phan in Arizona, Plaintiffs must prove that they have had "substantial, continuous, and systematic" contacts with Arizona. Helicopteros Nacionales de Colombia , S.A. v. Hall, 466 U.S. 408, 416 (1984); Doe v. Unocal Corp., 248 F.3d at 925; Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). Such contacts must be such as to "approximate physical presence" by the defendant in the forum.  Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d at 1124.

Mr. and Mrs. Phan have had no such continuous or substantial contacts with Arizona.  As set forth in their Declarations, the Phans are long-standing California residents.  They do not own or lease any property in Arizona, or have any office, business facility, or business operations of any kind in Arizona.  They do not conduct financial transactions in Arizona.  They do not pay any income, franchise, business license, employment, or property taxes to the State of Arizona or any of its political subdivisions. They have never before been a party in an Arizona lawsuit.  [Luan K. Phan Declaration, para. 2-7; Mary Claire Phan Declaration, para. 2-7].

Indeed, when this lawsuit was filed on December 15, 2008, Mrs. Phan had never once visited Arizona.  Her one and only visit occurred at the very end of 2008 when she and Mr. Phan took their kids to the Grand Canyon for two days right before New Years. That is Mrs. Phan's only contact with Arizona ever.  [Mary Claire Phan Declaration, para. 8-12].

As for Mr. Phan, he has visited Arizona only one other time.  Approximately 4 years ago, Mr. Phan visited Arizona for two days.  That short trip occurred years before Mr. Phan ever heard of Plaintiffs and had absolutely nothing to do with any of the claims or issues in this case.  Also, about 3 or 4 years ago, Mr. Phan was admitted pro hac vice in

10

1   one Arizona case unrelated to the Plaintiffs or the present action.  Mr. Phan never

2   physically went to Arizona during that action as there was local counsel doing so.  [Luan

3   K. Phan Decl., para. 8-9].

4        Thus, there is no basis for general jurisdiction over Mr. and Mrs. Phan in Arizona.

5   **B.   Plaintiffs Cannot Establish Specific Jurisdiction Either.**

6        To establish specific jurisdiction, Plaintiffs must prove each of the following three

7   required elements:

8        "(1) the non-resident defendant must purposefully direct his activities or

9        consummate some transaction with the forum or resident thereof; or perform some

10       act by which he purposefully avails himself of the privileges of conducting

11       activities in the forum, thereby invoking the benefits and protections of its laws; (2)

12       the claim must be one which arises out of or relates to the defendant's forum-related

13       activities; and (3) the exercise of jurisdiction must comport with fair play and

14       substantial justice, i.e. it must be reasonable."

15   Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th

16   Cir. 2003) (quoting Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1485 (9th

17   Cir.1993) and Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)).

18       Here, Plaintiffs claims arise out of actions that occurred in California.  Plaintiffs

19   allege two causes of action arising out of the Prior California Action – (1) Abuse of

20   Process and (2) Civil Conspiracy to Commit Abuse of Process.  In a nut shell, Plaintiffs

21   allege that they never should have been named as Defendants in the Prior California

22   Action because (in an ironic twist), Plaintiffs assert that the California court lacked

23   personal jurisdiction over them.  Plaintiffs allege that the filing of the Prior California

24   action against them was an abuse of process.

25       Plaintiffs have not – and cannot – establish that their claims arise out of any

26   purposeful contact in Arizona by Mr. and Mrs. Phan (or any other defendant).  Thus, there

11

1  is no basis for specific jurisdiction either.

2  **III.**

3  **ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED**

4  **TO THE CENTRAL DISTRICT OF CALIFORNIA**

5        In the alternative, Mr. and Mrs. Phan request that the Court transfer this action to

6  the United States District Court for the Central District of California under 28 U.S.C. §

7  1404(a). Section 1404(a) allows this Court to make such a transfer "[f]or the convenience

8  of parties, witnesses and in the interests of justice," where the transferee court would have

9  subject matter and personal jurisdiction over the case and parties and where venue would

10  be proper. It is apparent from the Complaint that this action has virtually nothing to do

11  with Arizona. None of the Defendants resides in Arizona. The witnesses in this matter

12  (other than Plaintiffs) are located in the Central District of California. There are no

13  pertinent records in Arizona. The entire basis for Plaintiffs' Complaint – i.e., the filing of

14  the Prior California Action – occurred in California. Balancing the location of the

15  defendants, witnesses and evidence, there is good cause to transfer the case to the Central

16  District of California. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); A.J.

17  Industries, Inc. v. United States District Court, 503 F.2d 384, 389 (9th Cir. 1974).

18  ///

19  ///

20  ///

21

22

23

24

25

26

12

## IV.

## CONCLUSION

Plaintiffs cannot meet their burden of proving any basis for personal jurisdiction over Mr. and Mrs. Phan in Arizona.  The Complaint should be dismissed, or alternatively the action should be transferred to the Central District of California.

DATED this 6th day of February 2009

By _____
Luan K. Phan in Pro Per


By _____
Mary Claire Phan in Pro Per

COPY of the foregoing
mailed and emailed this 6th day of
February, 2009 to:

Peter Kristofer Strojnik, Esq.
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona  85012
pksesq@aol.com

13