Peter Kristofer Strojnik, Esq. – ABN: 026082
THE LAW FIRM OF PETER K. STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-264-1441
Email: pksesq@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>HEART TRONICS, INC., a Delaware Corporation f/k/a Signalife, Inc.; JOSEPH CYRIL MAHER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; ALICIA DORA MAHER, an individual; POLLET, RICHARDSON & PATEL, a California Law Corporation; LUAN KINH PHAN, an individual; MARY CLAIRE PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; JANE DOE RIBAKOFF, an individual; ABC DEFENDANTS 1-50,<br><br>Defendants. | NO. 2:09-cv-128-PHX-FJM<br><br>**RULE 4(l) PROOF OF SERVICE**<br><br>(POLLET, RICHARDSON & PATEL) |

I, Peter K. Strojnik, do hereby declare the following is true and correct to the best of my knowledge and recollection under the penalty of perjury under the laws of the State of Arizona.

1. My name is Peter K. Strojnik. I have personal knowledge of all statements made herein.

2. I am an attorney license to practice law before all federal and state courts in the States of Arizona and California. I am the attorney of record in the above-entitled action.

3. On January 29, 2009, my office mailed a copy of the Summons, Complaint, Cover Sheet and Certificate of Arbitration in the above matter to Erick Richardson in his capacity as registered Agent for Defendant Pollet, Richardson & Patel. The mailing was made by Certified Return Receipt U.S. Mail pursuant to Rules 4(e)(1) and 4(h)(1)(A) of the Federal Rules of Civil Procedure and Rule 4.2(c) of the Arizona Rules of Civil Procedure.

4. On February 3, 2009, Defendant Pollet did in fact receive the documents mailed as demonstrated by one of its agent's admissions, which is attached hereto as Exhibit 1 and incorporated herein by this reference.

5. On February 6, 2009, my office did receive the return receipt, which was unsigned. However, Defendant did admit to receipt of the documents.

6. Proof of service herein set forth complies with FRCP 4(e)(1), 4(h)(1)(A) and ARCP 4.2(c).

THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE UNDER PENALTY OF PERJURY.

DATED this 10th Day of February, 2009.

_____
Peter Kristofer Strojnik

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/3/2009 | 10900 Wilshire Boulevard, Suite 500<br>Los Angeles, CA 90024 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Pollet, Richardson & Patel<br>C/o Registered Agent Erick Richardson | U.S. Mail - Return Receipt Certified<br>Rule 4(e)(1), 4(h)(1)(A) FRCP; Rule 4.2(c) ARCP |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tanya Strojnik | Secretary/Office Manager |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____2/10/2009_____
        DATE

SIGNATURE OF SERVER

3030 N. Central Ave., Ste. 1401, Phoenix, Az 85012
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT 1

Subj: **RE: Strojnik v. Pollet Richardson & Patel**
Date: 2/4/2009 12:18:11 P.M. US Mountain Standard Time
From: gperez@richardsonpatel.com
pksesq@aol.com

Peter:

I got an email yesterday that we had just received the mailing on Eric Richardson....seems somewhat delayed to me, but we just received it.

Thanks,

**Geronimo Perez**
Attorney at Law
**Richardson & Patel LLP**
Murdock Plaza
10900 Wilshire Boulevard, Suite 500
Los Angeles, California 90024
310.208.1182 (Tel)
310.208.1154 (Fax)
gperez@richardsonpatel.com
www.richardsonpatel.com

This email, including any attachments, is confidential and privileged. If you are not an intended recipient, please delete the email and notify the sender. We are not tax advisors and any communications by us should not be construed as tax advice or used for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** pksesq@aol.com [mailto:pksesq@aol.com]
**Sent:** Wednesday, February 04, 2009 11:17 AM
**To:** Geronimo Perez
**Subject:** Re: Strojnik v. Pollet Richardson & Patel

...ll when I file it. Have you folks received the mailing yet?

Peter

Sent from my Verizon Wireless BlackBerry

**From:** "Geronimo Perez"
**Date:** Wed, 4 Feb 2009 11:14:53 -0800
**To:** <pksesq@aol.com>
**Subject:** Strojnik v. Pollet Richardson & Patel

Peter:

If you will, please forward me a conformed copy of your declaration of service on our firm.

Thanks,

**Geronimo Perez**
Attorney at Law
**Richardson & Patel LLP**
Murdock Plaza
10900 Wilshire Boulevard, Suite 500
Los Angeles, California 90024
310.208.1182 (Tel)
208.1154 (Fax)
gperez@richardsonpatel.com
www.richardsonpatel.com

This email, including any attachments, is confidential and privileged. If you are not an intended recipient, please delete the email and notify the sender. We are not tax advisors and any communications by us should not be construed as tax advice or used for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Poller, Richardson + Patel<br>c/o Its Registered Agent<br>Erick Richardson<br>10900 Wilshire Blvd<br>Los Angeles, CA<br>90024 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7008 1140 0001 4707 2873 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540