**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> HEART TRONICS, INC., a Delaware Corporation f/k/a Singalife, Inc.; JOSEPH C. MAHER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; ALICIA DORA MAHER, an individual; POLLET RICHARDSON & PATEL, a California law corporation; LUAN KINH PHAN, an individual; MARY CLAIRE PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; JANE DOE RIBAKOFF, an individual; ABC DEFENDANTS 1-50, <br><br> Defendants. | NO. 2:09-cv-128-PHX-FJM <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS FILED BY HEART TRONICS, PHAN, RIBAKOFF & MAHER** <br><br> **ALTERNATIVELY** <br><br> **REQUEST TO CONDUCT JURISDICTIONAL DISCOVERY** <br><br><br> (Oral Argument Requested) |

In light of the factual similarities in Defendants Heart Tronics', Phan's, Ribakoff's, and Maher's Motions to Dismiss, Plaintiff hereby submits its Response in Opposition to all Defendants' Motion to Dismiss as the arguments contained herein are equally applicable to all moving Defendants' Motions.

**I. INTRODUCTION**

-1-

Defendants' discourse on personal jurisdiction law in the federal courts ignores the salient issues: (1) Whether the co-conspirator Heart Tronics engaged in a willful act in the State of Arizona when it served process on Plaintiff in Phoenix, which is the subject of the proceedings; (2) Whether the co-conspirators – the remaining defendants - are agents of the other co-conspirators for purpose of sufficiency of contacts; (3) Whether Phan, Ribakoff and Maher furthered the abuse of process conspiracy by unnecessarily increasing Plaintiff's litigation costs and delaying the L.A. proceedings by intentionally directing several litigation processes to Plaintiff in Phoenix causing him harm there; and, (4) Whether the spousal contacts are imputed onto the Jane Doe defendants pursuant to Arizona Revised Statutes § 25-215(D).

Defendants, as agents of one another, caused service of process to occur in Arizona while knowing that the harm – a frivolous lawsuit – would be suffered by Plaintiff in the State of Arizona. Such intentional acts are not only sufficient under the *Calder v. Jones* test, but also the Ninth Circuit's specific jurisdiction test outlined in *Yahoo! Inc. v. LaLigue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

Furthermore, Defendants Phan, Ribakoff and Maher purposefully directed several litigation processes to Plaintiff in Phoenix, which were in furtherance of the conspiracy to abuse the LA matter and thereby cause Plaintiff additional harm in Phoenix for Defendants' ulterior purposes.

Concerning the spousal and Jane Doe Defendants, Plaintiff does not allege that said Defendants are also co-conspirators or that they have the requisite contacts standing alone. Rather, Plaintiff argues the husband Defendants' contacts are imputed on the spousal and Jane Doe defendants pursuant to A.R.S. 25-215(D), which requires spouses to be jointly sued.

## II. STATEMENT OF FACTS

On February 14, 2008, Peter Strojnik ("Strojnik") (not to be confused with the undersigned Peter K. Strojnik ("Counsel") received an unsolicited facsimile promoting the publicly traded stock of Signalife, Inc., which is the subject of current litigation and pending before the Honorable Frederick Martone in Cause No. 2:08-cv-1116-PHX-FJM. Strojnik conducted research into the identity of the fax sender. Ultimately, Strojnik sent a pre-litigation settlement-attempt letter to Signalife's principal offices located in Studio City, California. In response to Strojnik's correspondence, Signalife retained the legal services of Richardson & Patel, LLP. Two defendants were employed by Richardson – David Z. Ribakoff and Luan K. Phan – but were terminated shortly after the underlying case was dismissed. On June 12, 2008, Luan K. Phan filed a Declaratory action on behalf of Signalife based on Strojnik's letter seeking a declaration that Signalife had not violated the Telephone Consumer Protection Act (Exhibit 1) (the "LA matter"). Phan caused process to be served on Strojnik in his Phoenix law office.

In response thereto, Strojnik hired the services of Counsel. On June 23, 2008, Counsel advised Defendants the lack of personal jurisdiction while citing to several cases that were directly on point (Exhibit 2). Defendants did not respond. Consequently, on July 11, 2008, Plaintiff filed a Motion to Quash Service of the Summons (California equivalent to Rule 12(b)(2) Motion to Dismiss). On July 17, 2008, Ribakoff moved *ex parte* to conduct jurisdictional discovery as to Plaintiff's contacts within the State of California. During the *ex parte* hearing, the presiding Judge Hess commented on Defendants' frivolous lawsuit, which is paraphrased as follows:

1) "Why are we here?"

2) "Rethink whether this case oughta go forward."

3) "If you don't come up with anything [(referring to jurisdictional discovery)], maybe you oughta dismiss this case."

4) "I foresee a motion that would require Signalife to pay substantial attorney's fees."

(Exhibit 3, Strojnik Declaration). The judge granted Defendants' request for jurisdictional discovery and ordered the parties back on September 22, 2008. A few hours after the ex parte hearing, Plaintiff again requested that Defendants dismiss the lawsuit (Exhibit 4). They did not respond. Instead, on July 21 and 22, 2008, Phan and Ribakoff directed 12 sets of discovery requests to Strojnik in Phoenix (Exhibit 5[1]). Ultimately, Phan and Ribakoff withdrew from representation of Signalife, and Maher substituted in.

On or about September 4, 2008, Maher sent a Notice of Deposition to Strojnik in Phoenix, which was scheduled for September 26, 2008 in Strojnik's law office in Phoenix (Exhibit 6). On the morning of the 9/22/08 hearing, Maher moved to recuse the judge. The judge did not rule on the Motion to Quash pending his decision on the Motion to Recuse, and he ordered the parties back on October 16, 2008.

Maher never appeared in Strojnik's Phoenix law office to depose Plaintiff on September 26, 2008. At the hearing on October 16, 2008, neither Maher or Singalife appeared at the hearing. The judge granted the Motion to Quash.

### III.  APPLICABLE LAW

**A.  Heart Tronics (Principal) Engaged In Conduct Aimed At And Having Effect in Arizona.**

Rule 4.2(a) (Arizona long-arm statute) authorizes personal jurisdiction over an out of state defendant to the "maximum extent permitted by the Constitution of this state and the Constitution of the United States." *Id.*; *Travelers Cas. & Sur. Co. of Am. V. Telestar Const. Co.*, 252 F.Supp.2d 917, 929 (D. Ariz. 2003). The due process clause requires out of state defendants have sufficient minimum contacts with the forum state such that that the exercise of personal jurisdiction does not offend

---

[1] Plaintiff attaches only one Discovery Request. Attaching the other 11 sets would be too voluminous as the entire 12 sets exceed 100 pages.

"traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Therefore, the question is whether exercising jurisdiction over Defendant would offend due process.

The Ninth Circuit has a three-part test for establishing in personam jurisdiction pursuant to specific jurisdiction, to wit: The Plaintiff must demonstrate (1) the defendant purposely availed himself of the benefits of the forum state; (2) the claims arise out of the defendant's forum-related activity; and, (3) exercise of personal jurisdiction is reasonable. *Yahoo! Inc.*, 433 F.3d at 1205; *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995).

### i. **Heart Tronics Purposefully Availed Itself Of The Benefits Of Arizona's Legal System.**

In tort cases, the three elements of purposeful availment are: "(1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant should have anticipated would be suffered in the forum state." *Ziegler*, 64 F.3d at 474; *Calder v. Jones*, 465 U.S. 783, 788-90 (1984); *Core-Vent Corp. AB v. Nobel Indus*, 11 F.3d 1482, 1486 (9th Cir. 1993). In the Ninth Circuit, "jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state." *Ziegler*, 64 F.3d at 473.

In *Vishay Intertechnology, Inc. v. Delta International Corp.*, 696 F.2d 1062 (4th Cir. 1982), the Court elaborated specifically on whether mere service of process in the forum state created sufficiency of contacts on an abuse of process claim:

> The second question raised by Vishay's arguments is whether the alleged abuse of process is 'tortious conduct' occurring within North Carolina. In Simon v. United States, 644 F.2d 490 (5th Cir. 1981), a Georgia defendant allegedly wrongfully induced the issuance by a Georgia court of a bench warrant for a Louisiana plaintiff. The warrant was served upon the plaintiff in Louisiana. The defendant had no other contacts with Louisiana. The Fifth Circuit allowed the Louisiana district court to exercise personal

-5-

jurisdiction over the defendant under the 'tortious conduct' provision of that state's long-arm statute.  In Hamilton, Miller, Hudson & Fayne Travel Corporation v. Hori, 520 F.Supp. 67 (E.D. Mich. 1981), a Michigan district court exercised jurisdiction over an Illinois defendant, who allegedly served abusive process on the plaintiff within Michigan.  That process related to an earlier suit filed by defendant against Plaintiff in Illinois.  Jurisdiction was exercised under Michigan's 'tortious conduct' long-arm provision.  Thus, ***if an out-of-state defendant causes abusive process to be served upon an in-state plaintiff, and the plaintiff subsequently sued the defendant in plaintiff's state, the state wherein the alleged abusive process was served, on a cause of action arising out of such abusive service of process, personal jurisdiction exists over the out-of-state defendant***.

*Vishay Intertechnology, Inc.,* 696 F.Supp. at 494-5 (Emphasis Supplied); *see also, Simon v. United States*, 644 F.2d 490 (5th Cir. 1981); *Hamilton, Miller, Hudson & Fayne Travel Corporation v. Hori,* 520 F.Supp. 67 (E.D. Mich. 1981).  Heart Tronics and Phan filed a Complaint against Plaintiff and intentionally caused it to be personally served on Plaintiff in his Phoenix office.  This act caused harm to Plaintiff in the form of defending a frivolous lawsuit, paying counsel to defend the lawsuit in Arizona, and suffering the associated distress in Arizona that the ulterior-motive lawsuit caused.  Heart Tronics and their co-conspirators should have known and knew such harms would occur in Arizona because they knew Plaintiff was an Arizona resident due to Plaintiff's preceding letter on which contained his Phoenix office address.  Also, as the allegations in the pleadings demonstrate, which are to be taken as true for purposes of personal jurisdiction, *Ziegler*, 64 F.3d at 473 ("We accept the allegations as true for purposes of determining jurisdiction"); *see also, Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.3d 299, 301, personal jurisdiction is proper because "[d]efendant caused a lawsuit to be filed against Plaintiffs and served on Plaintiffs in the State of Arizona." Doc. 1, ¶12(a).  Heart Tronics continued this abuse of process by further directing discovery requests intended to delay, responsive motions without sufficient legal basis, and motions to recuse the judge to Phoenix.  There is no question this is "conduct aimed at, and having effect in, the situs state," *Ziegler*, 64 F.3d at 473, and abusive process served on the in-forum Plaintiff.

**B. Heart Tronics Contacts Are Imputed On Co-Conspirators Phan, Ribakoff And Maher**

"[W]hen one agrees to be a member of a conspiracy, ***one agrees to all acts that have been or will be committed by that conspiracy***, and, by virtue of that agreement, is responsible for such acts regardless of one's role in the commission." *United States v. Inafuku*, 938 F.2d 972, 974 (9th Cir. 1991) (Emphasis Supplied). "When co-conspirators have sufficient contacts with the forum, so that due process would not be violated, it is imputed against the 'foreign' co-conspirators who allege that there is not sufficient contacts; co-conspirators are agents for each other." *Hasenfus v. Secord*, 797 F.Supp. 958, 962 (S.D.Fla 1989); *Ethanol Partners v. Wiener, Zuckerbrot et al.*, 635 F.Supp. 15, 17-18 (E.D. Pa. 1985).

The Complaint clearly alleges all Defendants conspired to engage in conduct involving the violation of abuse of process. (Doc. 1, ¶¶54-56). In light of Heart Tronics' purposeful availment in the form of service of process in Phoenix and other abuse of litigation processes directed to Plaintiff in Phoenix, said contacts are imputed on the other co-conspirators Phan, Ribakoff and Maher.

**C.  Phan, Ribakoff And Maher Abused Process By Intentionally Directing Several Litigation Processes To Plaintiff in Phoenix Causing Him Harm And Damages**

"Under Arizona law, the term process has been interpreted broadly, and encompasses the entire range of procedures incident to the litigation process." *In re American Continental Corp./Lincoln S&L Secs.*, 845 F.Supp. 1377, 1381. "The *Niensted*t court enumerated the following as examples as process: 'the noticing of depositions, the entry of defaults, and the utilization of various motions such as motions to compel production, for protective orders, for change of judge, for sanctions and for continuances." *Id*. (citing *Nienstedt v. Wetzel*, 133 Ariz. 348, 352-53, 651 P.2d 876, 881 (Ct. App. 1982). These processes include "defendants' pattern of delay, stonewalling, deception, obfuscation and pretense…" *Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ct. App. 2004) (citing *General Refractories v. Fireman's*

*Fund Ins.*, 337 F.3d 297, 301, 308-09 (3d Cir. 2003). "Although our research has not revealed any cases in which liability for abuse of process has been imposed where the ulterior or collateral purpose involved has been to expose the injured part to excessive attorney's fees and legal expenses, we can perceive no reason why general abuse of process principles should not apply to such circumstances." *Nienstedt*, 133 Ariz. at 353, 651 P.2d at 881. Abuse of process are allowed "when a litigant has abused any of the entire range of court procedures incident to the litigation." *Id*. "We recognize that the utilization of virtually any available litigation procedure ***by an attorney will generally be accompanied by an awareness on that attorney's part that his action will necessarily subject the opposing party to additional legal expenses***." *Id*. (Emphasis Supplied).

    i.    **Phan and Ribakoff.**

Under the *Ziegler* test, as alleged Phan and Ribakoff directed several litigation processes to the State of Arizona which they knew would cause Plaintiff harm in Phoenix for the ulterior purpose of harassing Plaintiff and causing him unnecessary litigation expenses. As stated above, Phan and Ribakoff intentionally caused process to be served on Plaintiff in Phoenix (*Vishay*), which they knew would cause Strojnik harm in Phoenix. Phan and Ribakoff thereafter requested a continuance on the Motion to Quash hearing for purposes of delay – an ex parte request during which time the Los Angeles Court predicted future payment of attorney's fees - and intentionally directed 12 sets of jurisdictional discovery requests to Plaintiff in Phoenix for the ulterior purposes mentioned above, which they knew would not only cause Plaintiff to incur a substantial amount of attorneys' fees, but also to suffer loss of time, distress and anguish of having to filter through documentation and his own recollection to respond to such discovery – time Strojnik could have devoted to his law practice and clients.

    ii.    **Maher.**

Maher similarly unnecessarily increased the costs of litigation to Plaintiff by intentionally directing a Notice of Deposition to him in Phoenix – a deposition that was scheduled to be conducted in Phoenix and one for which Maher never appeared. Surely, Maher should have known this abuse would compel Plaintiff to take time off from his law practice to prepare for the deposition, set aside time in his schedule – time that could have been used to assist Plaintiff's clients – for the deposition, and incur additional legal expenses for Counsel preparing Plaintiff for the deposition (Strojnik Declaration). All of these harms occurred for Plaintiff in Phoenix.

Phan's, Ribakoff's and Maher's intentional actions directed to Phoenix, which are factual averments that support the abuse of process and conspiracy counts, are sufficient to support personal jurisdiction under the *Ziegler* purposeful availment test. It should also be noted that these additional intentional actions directed to Plaintiff by Phan, Ribakoff and Maher demonstrates due process would not be violated by conferring personal jurisdiction pursuant to conspiracy contacts noted above.

### D. Jane Doe Defendants Are Proper Pursuant To A.R.S. 25-215(D)

Arizona Revised Statutes § 25-215(D) states:

> Except as prohibited in section 25-214, either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first from the community property, and second, from the separate property of the spouse contracting the debt or obligation.

"For purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); s*ee also, E.I. duPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*, 197 F.R.D. 112, 122 (D.Del. 2000) (finding that evidence that an agent had apparent authority to act on the principal's behalf was sufficient to exercise personal jurisdiction over the principal).

Phan's, Ribakoff's and Maher's contacts are addressed above. The Court's jurisdiction is equally applicable to the Jane Doe defendants pursuant to A.R.S. 25-215. Further, since Mr. Phan, Mr. Ribakoff and Mr. Maher were acting as the marital agents for their spouses, jurisdiction over the Jane Doe defendants is proper.

### E. Venue Is Proper And Convenient In Arizona

Title 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The Court may consider several factors in determining whether to transfer venue, including: (1) the plaintiff's choice of forum, (2) the extent of the parties' contacts with the forum, (3) the contacts in the forum relating to the plaintiff's cause of action, (4) the availability of non-party witnesses, (5) the accessibility of evidence, and (6) the relative court congestion and time of trial in each forum." *Bratton v. Schering-Plough Corp.*, No. cv-07-0653-PHX-JAT (D.Ariz. 2007); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### i. Arizona Is Plaintiff's Home Forum.

Where the Plaintiff's chooses his home forum, "substantial deference" is given to the Plaintiff's choice of forum. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d. 48, 52 (D.D.C. 2000). Here, the District of Arizona is Plaintiff's home forum because Plaintiff has resided here with his family since 1973, and his law office is located in Phoenix.

### ii. The Convenience Of The Parties Dictates Litigating In Arizona.

Transferring venue "is not appropriate when the transfer merely shifts the inconvenience from one party to another." *Impra Inc. v. Quinton Instruments Co.*, 17 USPQ2d 1890, 1891 (D.Ariz. 1990).

-10-

Of course Arizona is extremely convenient for Plaintiff. There is also no inconvenience for Defendants because all motion practice can be conducted via telephone, depositions will have to be conducted in the State of California, and current defendants - attorneys at law in California - have decided to represent themselves. Furthermore, the amount of evidence to prove the conspiracy and abuse of process counts is not voluminous – all that is required is acquisition of the transcripts from three court proceedings and the depositions (whether written or oral) and interrogatories of the Defendants. Furthermore, in the age of electronic filing, electronic or disk production of discovery, and telephonic motion practice, the extent of inconvenience is merely the rigors of any litigation. Assuming there was inconvenience to Defendant, which there is not, said inconvenience would simply be shifted to Plaintiff if transfer of venue was ordered.

### iii. Court Congestion Is Much Greater In Central District Of California.

When considering court congestion, "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may well be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). "The U.S. District Court for the Central District of California … is the U.S. district court serving some 17 million people in southern and central California, making it the largest federal judicial district by population." Wikipedia at http://en.wikipedia.org/wiki/United_States_District_Court_for_the_Central_District_of_California. The Central District of California serves the most populated counties in the United States including Los Angeles, Orange and Riverside Counties. Conversely, the District of Arizona serves a third of that population at 5 million people. 2000 U.S. Census Data. It takes on average 11.2 months to proceed to trial in the District of Arizona, *see Bratton v. Schering-Plough Corp.*, No. CV 07-0653-PHX-JAT (D.Ariz. 2007). In "civil cases proceeding to trial [in the Central District of California] the median time for filing to trial is 21.2 months." *In re Air Crash Over the Taiwan Strait on May 25, 2002*, 331

F.Supp.2d 1176, 1202 (C.D. Cal. 2004). It should also be noted Defendant's citation to California Code of Civil Procedure § 425.16 is misplaced and misleading. First, this Section applies only to lawsuits to protection one's own free speech. Second, this Section is applicable only in State lawsuits in California and has no bearing on the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests Defendants Phan's, Ribakoff's and Maher's Motions to Dismiss are denied. Alternatively, Plaintiff requests to conduct jurisdictional discovery.

RESPECTFULLY SUBMITTED this 24th Day of February, 2009.

THE LAW FIRM OF PETER STROJNIK



By:_____
Peter Kristofer Strojnik

1  Copy electronically served this
   24th Day of February, 2009 to:
2

3  Geronimo Perez, Esq.
   Addison Adams, Esq.
   Richardson & Patel, LLP
4  10900 Wilshire Boulevard, Suite 500
   Los Angeles, California 90012
5  *Via Email:* gperez@richardsonpatel.com
6  *Via Email:* aadams@richardsonpatel.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25