# EXHIBIT 1

1  LUAN K. PHAN (State Bar No. 185985)
   RICHARDSON & PATEL LLP
2  10900 Wilshire Boulevard, Suite 500
   Los Angeles, CA 90024
3  (310) 208-1182 Telephone
   (310) 208-1154 Fax
4

5  Attorneys for Plaintiff SIGNALIFE, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 12 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SIGNALIFE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PETER STROJNIK, P.C., an Arizona Corporation;<br>PETER STROJNIK, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. BC392638<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff SIGNALIFE, INC. ("Signalife" or "Plaintiff") complains and alleges as follows in this Complaint against Defendants PETER STROJNIK, P.C.; PETER STROJNIK and DOES 1 through 25 (collectively referred to as "Defendants"), as follows:

### PARTIES

1. Plaintiff SIGNALIFE, INC. is a publicly-traded, research and development life sciences company, incorporated in Delaware, with its principal place of business in Studio City, California. The Company's business is focused on the monitoring and detection of disease through continuous biomedical signal monitoring. Signalife uses its patented signal technology to design and develop medical devices that simplify and reduce the costs of diagnostic testing and patient monitoring in an ambulatory setting. One of its flagship inventions is the Fidelity

100 heart monitor, a new and cutting-edge device for early detection and monitoring of heart disease. The device is a breakthrough ECG (electrocardiography) monitoring system that allows for the first time, real-time ambulatory heart monitoring never seen before in the clinical setting.

2. On information and belief, Defendant PETER STROJNIK, P.C. ("Strojnik PC") is an Arizona Professional Corporation.

3. On information and belief, Defendant PETER STROJNIK ("Strojnik") is an individual who is a resident of Arizona.

4. The true names and capacities, whether corporate, associate, individual or otherwise of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Each of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff, as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

5. At all times herein mentioned, Defendants, and each of them, were the agents, representatives and employees, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives and employees.

6. Upon information and belief, Plaintiff alleges that Strojnik is the alter ego of Strojnik PC, that Strojnik dominated and controlled Strojnik PC for his own benefit and advantage, and that a unity and identify of interest exists between Strojnik and Strojnik PC. As such, adherence to the fiction of the separate existence of Strojnik PC as a distinct entity from Strojnik PC would permit an abuse of the corporate privilege, would sanction fraud, and would promote injustice, as set forth below.

## JURISDICTION AND VENUE

7. The court has personal jurisdiction over Defendants because they have minimum contacts with the State of California.

8. Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because the Defendants do not reside in the State of California.

## GENERAL ALLEGATIONS

9. In 1991, Congress passed the Telephone Consumer Protection Act [47 U.S.C. § 227] (the "TCPA") in order to restrict the use of facsimile machines and phones to send unsolicited advertisements. The TCPA provides, among other things, that it is unlawful for any person within the United States "to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The TCPA further permits a private right of action by a person or entity to bring an action for an injunction and/or recovery of $500-$1500 in damages for each such violation. 47 U.S.C. § 227(b)(3).

10. On or about May 28, 2008, Defendants sent a demand letter to Signalife, alleging that Signalife violated the TCPA. In the demand letter, Defendants allege, among other things, that, on February 14, 2008, they received an unsolicited fax designed to increase Signalife's stock price. Notably, Defendants allege that this fax is "from an unidentified source." Defendants further allege that they intend on filing a class action suit with claimed damages against Signalife of between $168 million and $1 billion. A copy of the demand letter is attached as Exhibit "A."

11. On its face, the subject fax shows no affiliation with Signalife. Instead, the fax appears to have been distributed by an entity called Triple Play Stock Alert ("Triple Play"). Moreover, the fax states that Triple Play received a promotion fee of 200,000 free trading shares "**from a non-affiliate.**" Nothing in the subject fax indicates that Signalife was responsible for sending the fax. A copy of the subject fax is attached as Exhibit "B." Notwithstanding the plain language of the fax, Defendants accuse Signalife of violating the TCPA.

12. An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties relating to the subject fax. Plaintiff Signalife contends that it has no liability for the subject fax under the TCPA. Indeed, the fax itself shows no affiliation between Triple Play and Signalife. Nevertheless, Defendants contend that Signalife is responsible for sending the fax and that Signalife violated the TCPA. As such, Signalife seeks a declaratory order from this Court that it has no liability under the TCPA with regard to the subject fax.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

13. Plaintiff realleges and incorporates as though fully set forth at length the allegations of Paragraphs 1 through 12 in support of this Cause of Action for Declaratory Relief.

14. An actual controversy has arisen and now exists between the Plaintiff and Defendants relating to whether Signalife has any liability under the TCPA with regard to the subject fax. Plaintiff therefore desires a judicial determination of its rights and any alleged rights of the Defendants relating thereto. Specifically, Plaintiff desires a judicial determination that Signalife is not responsible for sending the subject fax and that Signalife has no liability under the TCPA relating to the subject fax, either to Defendants or to the purported class.

15. A judicial declaration is necessary and appropriate and this time under the circumstances so that Plaintiff may ascertain its rights and proceed without the threat of an adverse claim or claims against it by Defendants or any of their affiliated entities and without having to defend against claims due to the uncertainty relating to the parties' rights, set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Signalife, Inc., prays for judgment against Defendants, and each of them, as follows:

1. A declaratory judgment, decreeing that Plaintiff Signalife is not responsible for sending the subject fax and that Signalife has no liability under the TCPA relating to the subject fax, either to Defendants or to the purported class;

2. Costs of court; and

3. Such other damages as the court may allow in furtherance of justice.

DATED: June 11, 2008

RICHARDSON & PATEL LLP

By: _____
LUAN K. PHAN
Attorneys for Plaintiff SIGNALIFE, INC.