# EXHIBIT 2

# THE LAW FIRM OF
# **PETER STROJNIK**

---

June 23. 2008

Luan K. Phan, Esq.
Richardson & Patel LLP
10900 Wilshire Blvd., Suite 500
Los Angeles, CA. 90024
*Via e-mail: lphan@richardsonpatel.com*
*Via Facsimile: (310) 208-1154*

      Re: *Signalife v. Strojnik* BC392638

Dear Mr. Phan:

I represent Peter Strojnik, P.C. and Peter Strojnik individually (cumulatively "Strojnik") in the above cause. This correspondence provides you with notice that your and your client's actions violate CCP § 128.6, and demands a dismissal of the Complaint on the terms specified below.

California courts may exercise personal jurisdiction on any basis consistent with the Constitutions of California and the United States. (Code Civ. Proc., § 410.10.) The exercise of jurisdiction over a nonresident defendant comports with these Constitutions "if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate ` "traditional notions of fair play and substantial justice." ' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 (*Vons*), quoting *Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316 (*Internat. Shoe*).)

You do not claim that the State of California has "general" jurisdiction over Strojnik. Indeed, Strojnik had not maintained the required "substantial, continuous and systematic" contacts with the State of California. *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445-46. See attached Declaration.

This leaves us with "specific jurisdiction". The issue of whether a letter to the forum state confer personal jurisdiction over the sender has arisen often. Virtually every Court that has considered the issue has held that a letter, standing alone, is insufficient to confer personal jurisdiction. See, e.g., *Red Wing Shoe Company,*

*Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (three letters and licensing activities were insufficient for personal jurisdiction); *Yahoo! Inc. v. La LigueContre Le Racisme et L'Antisemitisme*, 433 F.ed 1199, 1208 (9th Cir. 2006) ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter "). *StayWell Co. v. Wang*, No. 06-1726 (E.D.Pa. 08/24/2006) (Sending a single demand letter to the forum state insufficient); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109 (2d Cir. 1997) (same); *Pride Distributors, Inc. v. Nuzzolo*, No. 05-CV-7441-DT (E.D.Mich. 04/10/2007) (same); *Roth v. Garcia Marquez*, 942 F.2d 617, 621-22 (9th Cir. 1991) (numerous telephone calls and emails directed at the forum were not sufficient to constitute purposeful availment). See also *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 503 (E.D. Pa. 2004) (a cease and desist letter alleging patent infringement, without more, was insufficient to satisfy due process requirements)[1].The Ninth Circuit has set out the rationale underlying these decisions:

> There are strong policy reasons to encourage cease and desist letters . . . . If the price of sending a cease and desist letter is that the sender thereby subjects itself to jurisdiction in the forum of the alleged rights infringer, the rights holder will be strongly encouraged to file suit in its home forum without attempting first to resolve the dispute informally by means of a letter.Yahoo!, 433 F.3d at 1208.

A letter of the type in issue here is highly analogous to a cease and desist letter. See *Thousand Trails, Inc. v. Foxwood Hill Property Owners Ass'n, Inc.*, 1999 U.S. Dist. LEXIS 1820 at *9-10 (N.D. Tex. March 22, 1999) (where defendant's sole contacts with forum were bills and letters threatening litigation, policy considerations were identical to those in cease-and-desist letter cases); *StayWell Co. v. Wang*, No. 06-1726 (E.D.Pa. 08/24/2006) (same).

There are two contrary unreported decisions from the Central District of California: *Meade Instruments Corp. v. Reddwarf Starware LLC*, 47 U.S.P.Q.2d 1157 (C.D. Cal. 1998); *Dolco Packaging Corp. V. Creative Indus., Inc.*, 1 U.S.P.Q.2d 1586 (C.D. Cal. 1986). The continued viability of these decisions is highly doubtful. First, they well precede the Ninth Circuit's ruling in *Yahoo!*. Moreover, neither opinion is especially persuasive; this is undoubtedly why other

---

[1] See further *Calphalon v. Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *Cadle Co. v. Schlichtmann*, 123 F3d. Appx. 675, 2005 WL 293666 (6th Cir. Feb. 8, 2005)(unpublished); *Impact Prod., Inc. v. Impact Prod., LLC*, 341 F. Supp. 2d 1186, 1191-92 (D. Col. 2004); *Yahoo! Inc. v. La Ligue Contre Le Racisme e L'Antisemitisme*, 379 F.3d 1120, 1125 (9th Cir. 2004); *Elima Biotronics, LLC v. Fuente Cigar Ltd.*, 291 F. Supp. 2d 1182, 1184-85 (D. Nev. 2003).

Courts in the Central District have declined to follow them. See *Bandai America, Inc. v. Brown*, 2001 U.S. Dist. LEXIS 24280 (C.D. Ca. June 1, 2001); *Douglas Furniture Co. V. Wood Dimensions*, 963 F. Supp. 899 (D. Cal. 1997).

If you have not reviewed these precedent decisions, this is your opportunity to do so. <u>I have 28.50 hours of time in this matter; at $350.00 per hour, I request that you (1) dismiss the complaint; and (2) forward a check to me in the amount of $9,801.75.</u>

Alternatively, I will file a demurrer and a motion pursuant to §128.6 of the Code of Civil Procedure. It provides, in relevant part:

```
128.6. (a) Every trial court may order a party, the party's
attorney, or both to pay any reasonable expenses, including
attorney's fees, incurred by another party as a result of
bad-faith actions or tactics that are frivolous or solely
intended to cause unnecessary delay.  This section also
applies to judicial arbitration proceedings under Chapter
2.5 (commencing with Section 1141.10) of Title 3 of Part 3.

(b) For purposes of this section:

   (1) "Actions or tactics" include, but are not limited
       to, the making or opposing of motions or the
       filing and service of a complaint or cross-
       complaint.  The mere filing of a complaint without
       service thereof on an opposing party does not
       constitute "actions or tactics" for purposes of
       this section.

   (2) "Frivolous" means (A) totally and completely
       without merit or (B) for the sole purpose of
       harassing an opposing party.
```

In light of the notice given to you today, I do not believe you have any defense to an award of attorneys fees both against your client and against yourself should I be forced to file a demurrer.

This matter, and the matter pending in the United States District Court for the District of Arizona has a potential of adverse affects to your client. If you wish to discuss this matter further, please do not hesitate to contact me at 408-655-0984.

Very Truly Yours,

/s/

Peter K. Strojnik, Esq.

# DECLARATION OF PETER STROJNIK
## UNDER THE PENALTY OF PERJURY

1) My name is Peter Strojnik. I make this Declaration under the Penalty of Perjury based on my personal knowledge, information and belief to the best of my memory. Whenever the pronoun "I" is used, it includes myself personally, and if the context permits, the lawfirm of Peter Strojnik, P.C.

2) I am an attorney practicing law in Phoenix, Arizona; my office address is 3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012.

3) I am licensed to practice in the State and Federal Courts of the State of Arizona and the 9th Circuit Court of Appeals.

4) My Arizona bar license number is 006464.

5) I have never resided in the State of California, although I bivouacked at Camp Pendleton in early 1970's for training.

6) I do not now nor have I ever maintained "substantial, continuous and systematic" contacts with the State of California. My contacts with the State of California can be summarized as follows:

   a) My children went to college in the State of California, and I paid lodging, tuition, books and living expenses.

   b) I enjoy traveling to and vacationing in San Diego and other beautiful California locations as time permits.

   c) I received traffic citations in the State of California.

   d) I appeared *pro hac vice* in the United States District Court for the Northern District of California in a matter captioned *California Bankers Association v. Transend International*, NO. C 07-06330 CW.

   e) I appeared before the American Arbitration Association, LA office, in a matter captioned *Sitrick v. YP*, cause number 72 181 00837 04 NADE – and in the subsequent District Court action affirming the arbitration award.

7) None of the activities referenced above have any connection with the lawsuit filed by Signalife against me and Peter Strojnik, P.C. under cause number BC392638.

8) The entirety of jurisdictional basis for hauling me into court in the State of California is the letter dated May 28, 2008, Exhibit 1 to Complaint.

9) The issuance of a letter such as Exhibit 1 to Complaint has been specifically recognized *not* to confer jurisdiction on the court of the forum state. See, e.g., *Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (three letters and licensing activities were insufficient for personal jurisdiction); *Yahoo! Inc. v. La LigueContre Le Racisme et L'Antisemitisme*, 433 Fed 1199, 1208 (9th Cir. 2006) ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter "). *StayWell Co. v. Wang*, No. 06-1726 (E.D.Pa. 08/24/2006) (Sending a single demand letter to the forum state insufficient); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109 (2d Cir. 1997) (same); *Pride Distributors, Inc. v. Nuzzolo*, No. 05-CV-7441-DT (E.D.Mich. 04/10/2007) (same); *Roth v. Garcia Marquez*, 942 F.2d 617, 621-22 (9th Cir. 1991) (numerous telephone calls and emails directed at the forum were not sufficient to constitute purposeful availment). See also *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 503 (E.D. Pa. 2004) (a cease and desist letter alleging patent infringement, without more, was insufficient to satisfy due process requirements). See further *Calphalon v. Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *Cadle Co. v. Schlichtmann*, 123 F3d. Appx. 675, 2005 WL 293666 (6th Cir. Feb. 8, 2005)(unpublished); *Impact Prod., Inc. v. Impact Prod.*, LLC, 341 F. Supp. 2d 1186, 1191-92 (D. Col. 2004); *Yahoo! Inc. v. La Ligue Contre Le Racisme e L'Antisemitisme*, 379 F.3d 1120, 1125 (9th Cir. 2004); *Elima Biotronics, LLC v. Fuente Cigar Ltd.*, 291 F. Supp. 2d 1182, 1184-85 (D. Nev. 2003).

10) The initiation of the lawsuit against me in the State of California was committed as a bad-faith action or tactic that is frivolous or solely intended to cause unnecessary delay. The following facts support my statement:

a) Signalife's stock trades on the American Stock Exchange under symbol AMEX: SGN.

b) On June 27, 2007, Signalife received a notice of delistment from the American Stock Exchange based on Signalife's drop in stockholder's equity below AMEX's minimum requirements. *See* AMEX Rules 1003(a)(ii) and (a)(iii).

c) On January 7, 2008, Signalife received a second Notice of delistment from American Stock Exchange based on Signalife's drop in stockholder's equity below AMEX's minimum requirements. *See* AMEX Rules 1003(a)(ii) and (a)(iii).

d) Signalife was motivated to increase the stockholder's equity by pumping up its stock in the securities market. Signalife's stock was pumped in the following manner:

i) By broadcasting the junk fax on February 14, 2008. The junk fax represents a securities market manipulation in violation of the Securities and Exchange Commission Rule 10b-5. Although Signalife had the affirmative duty to advise the

securities market that its stock was manipulated, it failed to discharge that duty. ["Failure to disclose that market prices are being artificially depressed operates as a deceit on the market place and is an omission of a material fact." *United States v. Charnay*, 537 F.2d 341, 351 (9th Cir.), cert. denied, 429 U.S. 1000, 97 S. Ct. 527, 50 L. Ed. 2d 610 (1976)] As a result, Signalife is an aider and abettor in the securities market manipulation and liable for the broadcast of the securities market manipulation device – the junk fax dated February 14, 2008.

ii) By deceiving the securities market by a misleading and incomplete press release. Signalife issued a press release on June 3, 2008, in which it introduced a new CEO, Mr. Lee Ehrichman. The press release lauded Mr. Ehrichman's tenure at Cardiac Telecom Corporation where he "pioneered outpatient real-time cardiac telemetry technology and call center monitoring". The report stated that "Mr. Ehrlichman's successful history is known and is public record".

iii) The June 3, 2008, press release is misleading and incomplete because it does not disclose that Mr. Ehrichman actually ran Cardiac Telecom into bankruptcy. A review of Mr. Ehrichman's tenure with Cardiac Telecom Corporation discloses that he was hired by Cardiac Telecom on June 6, 1996 and released on July 1, 2007. On August 31, 2007, Cardiac Telecom filed for bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania under cause number 07-25499-JKF. The filing occurred less than 2 months after Mr. Ehrichman's departure. [An "untrue statement," i.e., a misstatement that comprises a half-truth or a whole lie (as opposed to an omission), is always misleading because a speaker, having begun to speak, is obliged to do so completely and truthfully. See *Caiola v. Citibank, N.A.*, 295 F.3d 312, 329-31 (2d Cir. 2002)]

11) On June 16, 2008, Declarant filed an action in the United States District Court for the District of Arizona against Triple Play Stock Alert, but did not name Signalife as a party defendant. Declarant expects to file an amendment naming Signalife seasonably.

DATED this 23rd day of June, 2008.

DECLARANT

*/s/ Peter Strojnik*

Peter Strojnik

-3-

TRANSMISSION VERIFICATION REPORT

```
TIME    : 06/23/2008 13:44
NAME    : PETER STROJNIK, ESQ.
FAX     : 8587840119
TEL     : 4086550984
SER.#   : 000A8J570970
```

```
DATE,TIME          06/23  13:42
FAX NO./NAME       13102081154
DURATION           00:02:14
PAGE(S)            06
RESULT             OK
MODE               STANDARD
                   ECM
```

Peter Strojnik                    Page 1                    6/23/2008

# THE LAW FIRM OF
# **<u>PETER STROJNIK</u>**

---

June 23, 2008

Luan K. Phan, Esq.
Richardson & Patel LLP
10900 Wilshire Blvd., Suite 500
Los Angeles, CA. 90024
*Via e-mail: lphan@richardsonpatel.com*
*Via Facsimile: (310) 208-1154*

  Re: *Signalife v. Strojnik BC392638*

Dear Mr. Phan:

I represent Peter Strojnik, P.C. and Peter Strojnik individually (cumulatively "Strojnik") in the above cause. This correspondence provides you with notice that your and your client's actions violate CCP § 128.6, and demands a dismissal of the Complaint on the terms specified below.

California courts may exercise personal jurisdiction on any basis consistent with the Constitutions of California and the United States. (Code Civ. Proc., § 410.10.) The exercise of jurisdiction over a nonresident defendant comports with these Constitutions "if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate ` "traditional notions of fair play and substantial justice." ' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14