# EXHIBIT 3

**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> HEART TRONICS, INC., a Delaware Corporation f/k/a Singalife, Inc.; JOSEPH C. MAHER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; ALICIA DORA MAHER, an individual; POLLET RICHARDSON & PATEL, a California law corporation; LUAN KINH PHAN, an individual; MARY CLAIRE PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; JANE DOE RIBAKOFF, an individual; ABC DEFENDANTS 1-50, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

NO. 2:09-cv-128-PHX-FJM

**DECLARATION OF PARTY PETER STROJNIK IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

I, Peter Strojnik, declare the following to be true and correct to the best of my knowledge and recollection under the penalty of perjury under the laws of the State of Arizona.

1. My name is Peter Strojnik. I have personal knowledge of all statements made herein.

2. I am a named Plaintiff in the above-captioned matter. On February 14, 2008, my law office, Peter Strojnik, P.C., received an unsolicited facsimile which advertised for purchase the

publicly-traded stock of Signalife, Inc.  As a result, I conducted research into the identity of the fax sender.  Ultimately, I sent a pre-litigation settlement attempt letter to Signalife, Inc.'s offices in California.

3.  In response to my correspondence to Signalife, which is now known as Heart Tronics, a defendant herein, Signalife filed a Complaint for Declaratory Relief in the Los Angeles County Superior Court, Cause No. BC-392638 on June 12, 2008.  Shortly thereafter, Signalife personally served the Complaint and Summons on me at my Phoenix office.  The caption of the complaint was headed by Luan K. Phan's name.

4.  In response to the Complaint, I hired the services of my son, Peter K. Strojnik ("Counsel").  Counsel prepared a letter on my behalf addressing the lack of contacts I had with the State of California, and specifically addressing the lack of purposeful availment in this instance.  Counsel sent the correspondence to Phan in Los Angeles.

5.  Heart Tronics nor Phan responded to Counsel's correspondence.  As a consequence, Counsel prepared and filed a Motion to Quash Service, which is the California Rule 12(b)(2) equivalent.  On or about July 17, 2008, Heart Tronics and its counsel David Z. Ribakoff requested an ex parte hearing to conduct jurisdictional discovery.  Counsel and myself were present at the ex parte hearing via telephone.  I heard the entire proceedings.

6.  At the ex parte hearing, the Court alluded to the frivolous nature of the Complaint.  The Honorable Robert Hess made several comments as to the potential for me seeking and achieving attorney's fees in the LA Matter.  The Court stated in paraphrased form:

    a.  "Why are we here?"

    b.  "Rethink whether this case oughta go forward."

    c.  "If you don't come up with anything, maybe you oughta dismiss this case."

d.  "I foresee a motion that would require Signalife to pay substantial attorney's fees."

7.  A few hours after the ex parte proceeding, Counsel prepared and submitted to Ribakoff and Phan a letter addressing the Court's feelings on the Complaint and against requesting Singalife dismiss the Complaint.  Signalife, Phan nor Ribakoff responded to this correspondence.

8.  Later in the LA proceedings, Signalife substitied its counsel from Phan and Ribakoff to Joseph C. Maher, II.  On or about September 4, 2008, Maher directed a Notice of Deposition to me seeking to depose me in my office on September 26, 2008 in my Phoenix law office.  In response to the Notice of Deposition, I set aside time in my schedule to prepare with Counsel.  I also set aside time in my schedule to be present for the Deposition on September 26, 2008. Ultimately, Maher nor Siganlife appeared for the Deposition in my Phoenix office.

9.  Counsel represented me in the LA matter at a fee of $350.00 per hour.  After the Complaint was dismissed, Counsel presented a fee statement to me for $22,000.

THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA.

DATED this 24th Day of February, 2009.

_____
Peter Strojnik