1  Jay L. Ciulla, SB #017971
   **CIULLA TORRALBA, PLLC**
2  3030 N. Central Avenue, Suite 608
   Phoenix, Arizona 85012
3  Telephone: (602) 495-0053
   Facsimile: (602) 258-7199
4  Email: Jay@ctlawaz.com

5  *Attorneys for Defendant Pollet, Richardson
   & Patel, a California Law Corporation and
6  David Zev Ribakoff*

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF ARIZONA

| | | |
|---|---|---|
| 9  | PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual, | No. 2:09-CV-00128-FJM |
| 10 | | [Hon. Frederick J. Martone] |
| 11 | Plaintiffs, | |
| 12 | v. | **DEFENDANT POLLET, RICHARDSON & PATEL'S NOTICE OF MOTION AND MOTION TO DISMISS AND OPPOSITION TO MOTION FOR ENTRY OF DEFAULT; JOINDER IN THE ALTERNATIVE TO DEFENDANTS LUAN KINH PHAN'S, MARY PHAN'S, DAVID ZEV RIBAKOFF'S AND JOSEPH C. MAHER'S MOTIONS TO TRANSFER TO CENTRAL DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 13 | HEART TRONICS, INC., a Delaware Corporation f/k/a Signalife, Inc.; JOSEPH CYRIL MAJER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; ALICIA DORA MAHER, an individual; POLLET, RICHARDSON & PATEL, a California Law Corporation; LUAN KINH PHAN, an individual; MARY CLAIRE PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; JANE DOE RIBAKOFF, an individual; ABC DEFENDANTS 1-50 | |
| 20 | Defendants. | |

21       PLEASE TAKE NOTICE that Defendant POLLET, RICHARDSON & PATEL, a

22 California law corporation, by and through the undersigned counsel, will and hereby does move

23 pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b) for an order dismissing this

24 Action on the following grounds:

25       1)  insufficient process - FRCP Rule 12(b)(4);

26

2) insufficient service – FRCP Rule 12(b)(5);

3) failure to state a claim upon which relief can be granted - FRCP Rule 12(b)(6); and

4) lack of personal jurisdiction - FRCP Rule 12(b)(2).

Furthermore, Defendant POLLET, RICHARDSON & PATEL, a California law corporation, by and through undersigned counsel, joins in the Motions to Transfer to the Central District of California filed by Defendants Luan Kinh Phan, Mary Phan, David Zev Ribakoff and Joseph C. Maher. Said Defendants filed motions pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing this action on the grounds that the Court lacks personal jurisdiction over them, and alternatively, for an order pursuant to 28 U.S.C. §1404(a) transferring this action to the Central District of California on the grounds that such a transfer would serve the convenience of parties and witnesses and the interests of justice and the jurisdictional requirements are met in the Central District. Defendant POLLET, RICHARDSON & PATEL joins in these motions to the extent that it also moves this Court to transfer this case to the Central District of California.

This motion and joinder is made in the above-captioned Court, located at Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Suite 130, SPC 1, Phoenix, AZ 85003-2118.

RESPECTFULLY SUBMITTED March 16, 2009.

**CIULLA TORRALBA, PLLC**

By: /s/ Jay L. Ciulla
Jay L. Ciulla
**CIULLA TORRALBA, PLLC**
3030 N. Central Avenue, Suite 608
Phoenix, Arizona 85012
Telephone: (602) 495-0053
Facsimile: (602) 258-7199
Email: Jay@ctlawaz.com
*Attorneys for Defendant Pollet, Richardson*

*& Patel, a California Law Corporation and David Zev Ribakoff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendant POLLET, RICHARDSON & PATEL ("PRP") is a California law corporation that ceased operations more than five (5) years ago, has never been counsel of record to SignaLife, Inc., and has nothing to do with this case. PRP was served with a Summons issued by the Arizona State Court even though the case had already been removed to the United States District Court at the time of service. In addition, PRP is not properly subject to personal jurisdiction of the Arizona courts since it is a California corporation with its principal place of business in California and no known contacts with Arizona. Counsel of record to SignaLife, Inc. in the Underlying Complaint (defined below) was Richardson & Patel LLP, a California limited liability partnership, a separate entity from defendant PRP. As shown in the declaration of Addison Adams submitted herewith, PRP made every effort to avoid the necessity of filing this responsive motion and opposition but Plaintiff's counsel refused to withdraw the motion for default or dismiss defendant PRP.

### II.

### DEFECTIVE PROCESS WAS MAILED

Plaintiffs have failed to properly serve Defendant PRP with adequate process. Plaintiffs served PRP with a *state court* summons after this case was removed to federal court. See Exhibit A to the Declaration of Addison Adams. After removal, however, Plaintiffs were required to serve a *federal court* summons. Accordingly, PRP has not yet been properly served with process in this action. Nonetheless, based on the purported service of the state court summons, Plaintiffs are improperly attempting to enter PRP's

default in this action.

This action was removed to this Court by order dated January 22, 2009. Thereafter, on January 29, 2009, Plaintiffs served a copy of the state court Summons and Complaint on Defendant PRP by certified mail, which was received by PRP on February 3, 2009. (See Exhibit A to the declaration of Addison K. Adams.) The Summons included with the Complaint was the Summons issued by the Arizona State Court. (*Ibid.*) Plaintiffs did not serve Defendant with a Summons issued by this U.S. District Court, despite the fact that the case had already been removed at the time of service.

Following removal to a U.S. District Court, service on a defendant not previously served or appearing in the action must be made according to the rules of the U.S. District Court[1]. In *Dean Marketing v. AOC International* (1985) 610 F.Supp. 149, 151-152, the court stated:

> "After removal of the action to this Court, the state court no longer had jurisdiction of the matter. 28 U.S.C. Section 1446. … Thus service of process must be accomplished according to federal procedure. Accordingly, plaintiff's attempted perfection of service of process after removal was ineffective where plaintiff mailed a *state* court summons rather than a summons issued by *federal* court to defendant AOC-Taiwan. Accordingly, defendant AOC-Taiwan has not been properly served."

This rule has practical application as well. The state court Summons served on Defendant PRP stated that a response was required within thirty (30) days after service is completed. Notwithstanding the time period contained in the actual Summons, Plaintiffs requested the court clerk to enter default against PRP before thirty (30) days had elapsed.

---

[1] "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, … such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. Section 1448.

Thus, Plaintiffs seek to profit from their own wrong.

The summons provided to PRP was defective and therefore PRP should be dismissed from the Complaint and the motion for entry of default against PRP should be denied.

## III.

## SERVICE IS DEFECTIVE

Plaintiffs motion for entry of default (Doc. 18) relies on the affidavit of service filed with this court (Doc. 12).  Even if Plaintiffs had served the appropriate *federal court* summons in this matter, the manner of service is defective.  Plaintiffs made no effort to request waiver of service from defendant PRP and no waiver was provided.  Instead, Plaintiffs mailed the state court summons and complaint to PRP by certified mail.  However, the return receipt was not signed, and accordingly the manner of service is technically deficient under Arizona state law.  Service by mail without a statutory acknowledgment is also not supported by California state law.

FRCP Rule 4(e)(1) provides for service on a defendant such as PRP by "following state law" of either the state where the district court is located (Arizona) or where service is made (California).

Arizona *Rules of Civil Procedure* Rule 4.2(c) provide that service may be made by "mail requiring a *signed* and returned receipt."  (italics added).  The Rule further provides that an affidavit of service shall be filed "Upon return through the post office of the *signed* receipt…" (italics added).  In this case, the returned receipt was not signed (Doc. 12) and therefore the service is deficient under Arizona state law.

California *Code of Civil Procedure* Section 415.30 allows for service by mail if the statutory requirements are satisfied for notice and return of an Acknowledgment of Receipt of Summons.  In this case, the summons and complaint did not comply with *CCP* Section 415.30 as the statutory language was not provided, no return envelope was

provided, and no statutory acknowledgment of receipt of summons was signed or returned. An email from an attorney of Richardson & Patel LLP confirming actual receipt does not satisfy service by mail under *CCP* Section 415.30.

Plaintiffs affidavit of service attaches a receipt which is *unsigned* and fails to include the California statutory Acknowledgment Of Receipt of Summons. Thus, Plaintiffs have failed to comply with the plain language of Arizona *Rule of Civil Procedure* Rule 4.2(c) and California *Code of Civil Procedure* Section 415.30. Accordingly, Plaintiffs cannot rely on adequate service under FRCP Rule 4(e)(1) because service has not been made in compliance with applicable state law.

## IV.

## PRP IS AN IMPROPER PARTY

PRP never represented SignaLife, Inc., and never employed defendants Luan Phan or David Ribakoff. PRP has had no employees and no operations since 2003. Moreover, PRP is completely uninvolved in any of the allegations in the Complaint or the Underlying Complaint. Plaintiffs have no evidence suggesting that PRP had, at any time, any involvement with the allegations of the Complaint.

Exhibit 3 to the Complaint is a copy of the Complaint filed in the underlying lawsuit by SignaLife, Inc. against Plaintiffs (the "Underlying Complaint"). The attorney of record indicated on the Underlying Complaint is Richardson & Patel LLP ("RP"), not PRP. This contradicts Plaintiffs' allegations to the extent Plaintiffs allege PRP was the law firm representing defendant SignaLife, Inc. or employed defendants Phan or Ribakoff in connection with such alleged representation (Complaint, paragraphs 6-9).

As shown in the declaration of Addison Adams, it is believed that Plaintiffs' counsel named PRP as a defendant under the mistaken assumption that Richardson & Patel LLP is a fictitious name for Pollet, Richardson & Patel, a law corporation. Apparently, this mistake arose from counsel's online search, which failed to disclose

Richardson & Patel LLP at the secretary of state of California (the California Secretary of State does not make LLP filings available online). As a result, it is clear Plaintiffs have erroneously named PRP as a defendant and have no facts upon which to base a claim for possible relief against PRP. Accordingly, pursuant to FRCP Rule 12(b)(6), PRP should be dismissed for failure to state a claim upon which relief can be granted.

## V.

## THE CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

The burden of establishing a basis for jurisdiction is on the plaintiff. Where, as here, the defendant moves to dismiss as its initial response to the complaint, a plaintiff must meet his burden by making at least a prima facie showing that personal jurisdiction exists. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001); American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996). The plaintiff may not rely on mere allegations in his complaint when those are controverted by factual affidavits submitted by the defendant. Rather, the plaintiff must produce admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction:

> It is the plaintiff's burden to establish that a district court has jurisdiction. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001) (citation omitted). For purposes of a Motion to Dismiss, the plaintiff's version of the facts are assumed to be true unless directly controverted. Id. " '[C]onflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.' " Id. (quoting AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996)).

1  Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1075-76 (9th Cir. 2003). (If the Court
2  determines to hold an evidentiary hearing, the plaintiff must establish the necessary facts
3  by a preponderance of the evidence. Metropolitan Life Insurance Co. v. Robertson-Ceco
4  Corp., 84 F.3d 560, 567 (2d Cir.), cert. denied, 516 U.S. 1006 (1996).
5        Here, Plaintiffs cannot meet their burden of establishing a basis for personal
6  jurisdiction over PRP. As explained below, the indisputable facts show a complete
7  absence of meaningful contacts between them and Arizona.

**A. There is a Complete Lack of Continuous, Frequent Contacts Necessary for General Jurisdiction in Arizona.**

10        To establish general jurisdiction over PRP in Arizona, Plaintiffs must prove that
11  PRP has had "substantial, continuous, and systematic" contacts with Arizona.
12  Helicopteros Nacionales de Colombia , S.A. v. Hall, 466 U.S. 408, 416 (1984); Doe v.
13  Unocal Corp., 248 F.3d at 925; Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267,
14  270 (9th Cir. 1995). Such contacts must be such as to "approximate physical presence"
15  by the defendant in the forum. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain
16  Co., 284 F.3d at 1124.
17        PRP has had no such continuous or substantial contacts with Arizona. As set forth
18  in the Declaration of Addison Adams, PRP is a California corporation based in California
19  which has never had any offices in Arizona (or anywhere outside the State of California).
20  Thus, there is no basis for general jurisdiction over PRP in Arizona.

**B. Plaintiffs Cannot Establish Specific Jurisdiction.**

22        To establish specific jurisdiction, Plaintiffs must prove each of the following three
23  required elements:
24        "(1) the non-resident defendant must purposefully direct his activities or
25        consummate some transaction with the forum or resident thereof; or perform some
26        act by which he purposefully avails himself of the privileges of conducting

activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1485 (9th Cir.1993) and Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)).

Here, PRP had no activities to direct in or toward Arizona. Plaintiffs have failed to establish that their claims arise out of any purposeful contact in Arizona by PRP since PRP is an improperly named party with no involvement in this matter. Thus, there is no basis for specific jurisdiction against PRP.

## VI.

## **EFFORTS TO MEET AND CONFER WERE UNSUCCESSFUL**

Mr. Adams first addressed the question of service with Mr. Strojnik pursuant to the email exchanges attached as Exhibit C to the declaration of Addison Adams. Those emails show that Mr. Strojnik refused to confirm the deadline for service under Arizona law on the defendants allegedly served in December. After finally mailing a summons and complaint to PRP which was received in February, Mr. Strojnik then requested entry of default against PRP without advance notice. Mr. Strojnik provided no notice of the deadline for response by PRP nor did he give notice of Plaintiffs' intention to request entry of default. In fact, the summons served on PRP provided thirty days to respond and default was requested after only twenty.

Following the request for entry of default, Mr. Adams exchanged further email correspondence with Mr. Strojnik regarding the legal deficiency in the purported service. (See Exhibit B to the declaration of Addison Adams). Mr. Adams specifically advised Mr. Strojnik that service was defective because he had "served defective process by

mailing a state court summons for a federal matter." Mr. Adams cited Mr. Strojnik to the legal authority of 28 USC 1448 and *Dean Marketing v. AOC International* (1985) 610 F.Supp. 149. However, Mr. Strojnik refused to withdraw the motion for default. See Exhibit B.

Mr. Adams also advised Mr. Strojnik that by naming PRP instead of RP, he "named the wrong entity as a defendant." Mr. Strojnik stated "I do not believe the incorrect company was sued" and then posited his theory that Richardson & Patel LLP was a "fictitious name" for Pollet, Richardson & Patel, a law corporation. Mr. Adams then assured him it was not a fictitious name and provided a copy of the Registered Limited Liability Partnership Registration form duly endorsed by the Secretary of State of the State of California. Notwithstanding the emails provided to Mr. Strojnik by Mr. Adams, and the absence of any evidence suggesting that PRP is a proper defendant, Plaintiffs still refused to dismiss defendant PRP. (See Exhibit B to declaration of Addison Adams.)

## VII.

## CONCLUSION

PRP is an improper party, both service and process are defective, and Plaintiffs cannot meet their burden of proving any basis for personal jurisdiction over PRP in Arizona. Defendant respectfully requests that the Court dismiss the Complaint or, alternatively, transfer the action to the Central District of California.

///

RESPECTFULLY SUBMITTED March 16, 2009.

**CIULLA TORRALBA, PLLC**


By: /s/ Jay L. Ciulla
   Jay L. Ciulla
   **CIULLA TORRALBA, PLLC**
   3030 N. Central Avenue, Suite 608
   Phoenix, Arizona 85012
   Telephone: (602) 495-0053
   Facsimile: (602) 258-7199
   Email: Jay@ctlawaz.com
   *Attorneys for Defendant Pollet, Richardson*
   *& Patel, a California Law Corporation and David*
   *Zev Ribakoff*

**ORIGINAL** of the foregoing filed electronically via ECF
this same date with the Clerk of the United States District Court.

**COPIES** of the foregoing served electronically via ECF to:

Honorable Frederick J. Martone

PETER KRISTOFER STROJNIK, Esq
Attorney for Plaintiffs

CHRISTOPHER G. STUART
Attorney for Defendant Heart Tronics, f/k/a Signalife,
and Joseph C. Maher

**COPIES** of the foregoing served by U.S. Mail to:

LUAN KINH PHAN
MARY CLAIRE PHAN
5885 W. 74th Street
Los Angeles, CA 90045
Defendants Pro Se

By: /s/ Jay L. Ciulla