Luan Kinh Phan
In Pro Per

5885 W. 74th Street
Los Angeles, CA 90045
310.216.6724 phone
310.943.2126 fax
lkplaw@yahoo.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HEART TRONICS, INC., a Delaware Corporation f/k/a Signalife, Inc.; JOSEPH CYRIL MAJER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; RICHARDSON & PATEL, LLP, a California limited liability partnership; LUAN KINH PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; ABC DEFENDANTS 1-50,<br><br>Defendants. | No. 2:09-cv-128-PHX-FJM<br><br>**DEFENDANT LUAN KINH PHAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES** |

1530325.1

# TABLE OF CONTENTS

TABLE OF CONTENTS ……………………………………………………………………….i

TABLE OF AUTHORITIES ……………………………..…………………………….......ii

NOTICE ………………………………………………………………………………….…1

MEMORANDUM OF POINTS AND AUTHORITIES …………………………………..2

I.    INTRODUCTION …………………………………………………………………….2

II.    THE CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION …………………………………………………………………………4

    A.    There is a Complete Lack of Continuous, Frequent Contacts Necessary for General Jurisdiction in Arizona ……………………………………………….6

    B.    Plaintiffs Cannot Establish Specific Jurisdiction Either ………………….....7

III.    ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA ………………………………………......8

IV.    MR. PHAN IS ENTITLED TO SANCTIONS FOR PLAINTIFFS' CONDUCT IN FILING AN ACTION FOR AN IMPROPER PURPOSE AND THEIR FACTUAL CONTENTIONS HAVE NO EVIDENTIARY SUPPORT…………………………...8

V.    CONCLUSION ………………………………………………………………….......9

# TABLE OF AUTHORITIES

**FEDERAL CASES:**

A.J. Industries, Inc. v. United States District Court
503 F.2d 384, 389 (9th Cir. 1974) ………………………..……………………..8

American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert
94 F.3d 586, 588-89 (9th Cir. 1996) ………………………………………………….5

AT&T v. Compagnie Bruxelles Lambert
94 F.3d 586, 588 (9th Cir.1996) ………………………………………………....5

Core-Vent Corp. v. Nobel Industries AB
11 F.3d 1482, 1485 (9th Cir.1993) ……………………..……………………….7

Doe v. North American Red Cross
112 F.3d 1048, 1050 (9th Cir. 1997) ……………………………………………4

Doe v. Unocal Corp.
248 F.3d 915, 922, 925 (9th Cir.2001) …………………..……………………...5, 6

Gator.com Corp. v. L.L. Bean, Inc.
341 F.3d 1072, 1075-76 (9th Cir. 2003) ………………………………………...5

Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarin Co.
284 F.3d 1114, 1123, 1124 (9th Cir. 2002) ………………………………………4, 5, 6

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.
328 F.3d 1122, 1129 (9th Cir. 2003) ……………………..…………………….7

Helicopteros Nacionales de Colombia , S.A. v. Hall
466 U.S. 408, 416 (1984) ……………………..……………………..6

International Shoe Co. v. Washington
326 U.S. 310, 316 (1945) ………………………..……………………4

Lake v. Lake
817 F.2d 1416, 1421 (9th Cir.1987) ……………………………………………..7

///

Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.
84 F.3d 560, 567 (2d Cir.), cert. denied, 516 U.S. 1006 (1996) …………………………..6

Omeluk v. Langsten Slip & Batbyggeri A/S
52 F.3d 267, 270 (9th Cir. 1995) ………………..…………….………….…….…....6

Van Dusen v. Barrack
376 U.S. 612, 616 (1964) ………………………………………………………...…8

**OTHER AUTHORITIES:**

Federal Rule of Civil Procedure 11(b) …………………………………………………..9

Federal Rule of Civil Procedure 12(b)(2) …………………………………………………1

28 U.S.C. § 1404(a) ……………………………………………………………..1, 8

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Luan Kinh Phan will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing this Action on the ground that the Court lacks personal jurisdiction over them, or alternatively, for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the Central District of California on the grounds that such a transfer would serve the convenience of parties and witnesses and the interests of justice and the jurisdictional requirements are met in the Central District. The Motion will be made in the above-captioned Court, located at Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Suite 130, SPC 1, Phoenix, AZ 85003-2118. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Luan Kinh Phan, all papers on file in this action, any matter that may be judicially noticed, and any such other and further matters as this Court may consider.

Mr. Phan does not request oral argument. If the Court sets a hearing date and requires oral argument, then Mr. Phan requests to be able to do so by telephone since he lives in California and is representing himself in pro per.

Dated:   April 2, 2009                    Respectfully submitted,


                                          By:   /s/Luan K. Phan
                                                Luan Kinh Phan, In Pro Per

1

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.**

## **INTRODUCTION**

Plaintiffs filed their Complaint for Damages in Arizona Superior Court on December 15, 2008. Defendants Luan Kinh Phan ("Mr. Phan") and his wife, Mary Claire Phan ("Mrs. Phan"), filed a Notice of Removal on January 21, 2009. Subsequently, Mr. and Mrs. Phan filed a Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Declarations in Support of the Motion to Dismiss on February 9, 2009. On March 16, 2009, Plaintiffs dismissed the wives of Defendants Mr. Phan, David Z. Ribakoff, and Joseph C. Maher and filed an amended complaint that is substantially the same as Plaintiffs' original complaint. Plaintiffs merely removed their allegations against the wives of the attorneys involved. Plaintiffs never sought leave to file an amended complaint and failed to address any of the defects in their filing in Arizona. Mr. Phan is now filing a Motion to Dismiss against Plaintiffs' Amended Complaint. Mr. Phan's motion is identical to his attack against Plaintiffs' original complaint, to which he never received a ruling from the Court.

This is a case in which Plaintiffs have filed a frivolous lawsuit seeking to extort defendant into paying nuisance settlement money to go away. Plaintiffs allege that they were wrongfully sued in a previous state court action in California by Signalife, Inc., now known as Defendant Heart Tronics, Inc. ("the Prior California Action"). In that Prior California Action, Signalife sought a declaratory order stating that it did not send out a junk fax to Plaintiffs and was not liable to Plaintiffs. Signalife did so in response to demand letters it received from Plaintiffs threatening suit if Signalife did not pay off Plaintiffs. Signalife was originally represented by Richardson Patel LLP in that Prior California Action, with defendant Mr. Phan as one of the attorneys. On or about September 3, 2008, Richardson & Patel LLP was substituted out as counsel for Signalife

and replaced by defendant Joseph Maher.  After Richardson & Patel was no longer counsel, the California court apparently dismissed the Prior California Action.

Plaintiffs claim that Defendants committed abuse of process by prosecuting the Prior California Action.  Plaintiffs further claim they suffered $22,000 in damages in the form of attorneys' fees in the Prior California Action.  Plaintiffs now seek "no less than $5,000,000.00" in punitive damages.  Plaintiffs have cast a broad net suing not only Signalife (now known as Heart Tronics), but also all the lawyers.

Plaintiffs have named defendants who are all non-Arizona residents.  Defendant Luan Phan was an attorney for Signalife at the beginning of the Prior California Action, until Richardson Patel, LLP was substituted out shortly after the filing.  Furthermore, Plaintiffs' amended complaint is essentially the same as the original complaint except that Defendants' wives are no longer part of the suit.   Plaintiffs have failed to make any amendments to their complaint that change the fact that there is no personal jurisdiction over Mr. Phan.

Mr. Phan is a long-time California resident and he now moves to dismiss the Complaint in this action for lack of personal jurisdiction, or in the alternative, to transfer venue to the Central District of California.  Mr. Phan respectfully submits that he does not have sufficient contacts with Arizona to justify hailing him into an Arizona court.  He has not had continuous contacts with Arizona to justify "general jurisdiction."  Nor is there a basis to establish specific jurisdiction because Plaintiffs' claims do not arise out of any purposeful contact they had with Arizona.

Alternatively, the matter should be transferred to California because California is in fact the location where, except for Plaintiffs, all of the defendants, witnesses and documentary evidence are located.  Thus, Mr. Phan alternatively requests that the Court transfer this matter to the Central District of California based on the doctrine of forum non conveniens.

## II.

## THE CASE SHOULD BE DISMISSED FOR LACK
## OF PERSONAL JURISDICTION

In a removal case such as this, the federal court's personal jurisdiction over a defendant is limited in extent to the personal jurisdiction the original state court properly could have under the state's long-arm statute and federal due process requirements. In this case, Arizona has a long-arm statute that is intended to have the full reach permissible under the federal Constitution, so the applicable authorities are those establishing federal due process limitations on a state court's exercise of personal jurisdiction, specifically the minimum contacts requirements. Doe v. North American Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997); see Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarin Co., 284 F.3d 1114, 1123 (9th Cir. 2002).

Generally, the Supreme Court has stated that, in order for a court's assertion of personal jurisdiction over a defendant to satisfy due process, the defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation marks omitted). There are two primary bases for exercise of personal jurisdiction over a defendant: (1) "general jurisdiction," requiring the defendant to have broad and frequent contacts with the forum state; and (2) "specific jurisdiction," which may rest on more limited contacts specifically related to the plaintiff's cause of action. Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002).

In either case, jurisdiction must be based on the defendant's purposeful contacts with the forum state:

Whether dealing with specific or general jurisdiction, the touchstone remains "purposeful availment." By requiring that "contacts proximately result from

4

1  actions by the defendant **himself** that create a 'substantial connection' with the
2  forum State, the Constitution ensures that "a defendant will not be haled into a
3  jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."
4  Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d at 1123
5  (emphasis by the court).  Neither basis is present here, as incontrovertibly established by
6  the affidavit accompanying this Motion.
7  　　　　The burden of establishing a basis for jurisdiction is on the plaintiff.  Where, as
8  here, the defendant moves to dismiss as its initial response to the complaint, a plaintiff
9  must meet his burden by making at least a prima facie showing that personal jurisdiction
10 exists.  Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001); American Telephone &
11 Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).
12 The plaintiff may not rely on mere allegations in his complaint when those are
13 controverted by factual affidavits submitted by the defendant.  Rather, the plaintiff must
14 produce admissible evidence which, if believed, would be sufficient to establish the
15 existence of personal jurisdiction:
16 　　　　It is the plaintiff's burden to establish that a district court has
17 　　　　jurisdiction.  Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir.2001)
18 　　　　(citation omitted).  For purposes of a Motion to Dismiss, the
19 　　　　plaintiff's version of the facts are assumed to be true unless directly
20 　　　　controverted.  Id. " '[C]onflicts between the facts contained in the
21 　　　　parties' affidavits must be resolved in [plaintiffs'] favor for purposes
22 　　　　of deciding whether a prima facie case for personal jurisdiction
23 　　　　exists.' " Id. (quoting AT&T v. Compagnie Bruxelles Lambert, 94
24 　　　　F.3d 586, 588 (9th Cir.1996)).
25 Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1075-76 (9th Cir. 2003).  (If the Court
26 determines to hold an evidentiary hearing, the plaintiff must establish the necessary facts

by a preponderance of the evidence. Metropolitan Life Insurance Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir.), cert. denied, 516 U.S. 1006 (1996).

Here, Plaintiffs cannot meet their burden of establishing a basis for personal jurisdiction over Mr. Phan. As explained below, the indisputable facts show a complete absence of meaningful contacts between them and Arizona.

**A.  There is a Complete Lack of Continuous, Frequent Contacts Necessary for General Jurisdiction in Arizona.**

To establish general jurisdiction over Mr. Phan in Arizona, Plaintiffs must prove that they have had "substantial, continuous, and systematic" contacts with Arizona. Helicopteros Nacionales de Colombia , S.A. v. Hall, 466 U.S. 408, 416 (1984); Doe v. Unocal Corp., 248 F.3d at 925; Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). Such contacts must be such as to "approximate physical presence" by the defendant in the forum. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d at 1124.

Mr. Phan has had no such continuous or substantial contacts with Arizona. As set forth in his Declarations, Mr. Phan is a long-standing California resident. He does not own or lease any property in Arizona, or have any office, business facility, or business operations of any kind in Arizona. He does not conduct financial transactions in Arizona. He does not pay any income, franchise, business license, employment, or property taxes to the State of Arizona or any of its political subdivisions. He has never before been a party in an Arizona lawsuit. [Luan K. Phan Declaration, para. 2-7].

Indeed, when this lawsuit was filed on December 15, 2008, Mr. Phan had visited Arizona only once. Approximately 4 years ago, Mr. Phan visited Arizona for two days. That short trip occurred years before Mr. Phan ever heard of Plaintiffs and had absolutely nothing to do with any of the claims or issues in this case. Since the lawsuit was filed, Mr. Phan has visited Arizona only one other time. At the very end of 2008, he took his wife

DEFENDANT PHAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  and kids to the Grand Canyon for two days right before New Years.  Also, about 3 or 4
2  years ago, Mr. Phan was admitted pro hac vice in one Arizona case unrelated to the
3  Plaintiffs or the present action.  Mr. Phan never physically went to Arizona during that
4  action as there was local counsel doing so.  [Luan K. Phan Decl., para. 8-9].
5      Thus, there is no basis for general jurisdiction over Mr. Phan in Arizona.

6  **B.**   **Plaintiffs Cannot Establish Specific Jurisdiction Either.**

7      To establish specific jurisdiction, Plaintiffs must prove each of the following three
8  required elements:

> "(1) the non-resident defendant must purposefully direct his activities or
> consummate some transaction with the forum or resident thereof; or perform some
> act by which he purposefully avails himself of the privileges of conducting
> activities in the forum, thereby invoking the benefits and protections of its laws; (2)
> the claim must be one which arises out of or relates to the defendant's forum-related
> activities; and (3) the exercise of jurisdiction must comport with fair play and
> substantial justice, i.e. it must be reasonable."

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1485 (9th Cir.1993) and Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)).

19      Here, Plaintiffs claims arise out of actions that occurred in California.  Plaintiffs
20  allege two causes of action arising out of the Prior California Action – (1) Abuse of
21  Process and (2) Civil Conspiracy to Commit Abuse of Process.  In a nut shell, Plaintiffs
22  allege that they never should have been named as Defendants in the Prior California
23  Action because (in an ironic twist), Plaintiffs assert that the California court lacked
24  personal jurisdiction over them.  Plaintiffs allege that the filing of the Prior California
25  action against them was an abuse of process.
26      Plaintiffs have not – and cannot – establish that their claims arise out of any

7

purposeful contact in Arizona by Mr. Phan (or any other defendant). Thus, there is no basis for specific jurisdiction either.

## III.

## ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA

In the alternative, Mr. Phan requests that the Court transfer this action to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a). Section 1404(a) allows this Court to make such a transfer "[f]or the convenience of parties, witnesses and in the interests of justice," where the transferee court would have subject matter and personal jurisdiction over the case and parties and where venue would be proper. It is apparent from the Complaint that this action has virtually nothing to do with Arizona. None of the Defendants reside in Arizona. The witnesses in this matter (other than Plaintiffs) are located in the Central District of California. There are no pertinent records in Arizona. The entire basis for Plaintiffs' Complaint – i.e., the filing of the Prior California Action – occurred in California. Balancing the location of the defendants, witnesses and evidence, there is good cause to transfer the case to the Central District of California. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); A.J. Industries, Inc. v. United States District Court, 503 F.2d 384, 389 (9th Cir. 1974).

## IV.

## MR. PHAN IS ENTITLED TO SANCTIONS FOR PLAINTIFFS' CONDUCT IN FILING AN ACTION FOR AN IMPROPER PURPOSE AND THEIR FACTUAL CONTENTIONS HAVE NO EVIDENTIARY SUPPORT

Plaintiffs' amended complaint contains no facts that there is personal jurisdiction over Mr. Phan. Also, Plaintiffs have conducted no inquiries or investigations in support of establishing personal jurisdiction over Mr. Phan even after receiving facts that Mr. Phan has no contacts necessary to establish personal jurisdiction in Arizona in Mr. Phan's

Motion to Dismiss and Declaration in Support of Motion to Dismiss filed on February 9, 2009.  Thus, Plaintiffs have made no reasonable inquiries to establish personal jurisdiction over Mr. Phan and the sole purpose of Plaintiffs' amended complaint is to harass Mr. Phan and needlessly increase his costs to defend himself violating Federal Rule of Civil Procedure 11(b).   To date, Mr. Phan has accumulated $7,000.00 in attorneys' fees to draft and revise his Motion to Dismiss [Luan K. Phan Decl., para. 10].  As a result, sanctions should be awarded to stop Plaintiffs' frivolous and harassing conduct.

## V.

## CONCLUSION

Plaintiffs cannot meet their burden of proving any basis for personal jurisdiction over Mr. Phan in Arizona.  The Complaint should be dismissed, or alternatively the action should be transferred to the Central District of California.  The Court should also award Mr. Phan his attorneys' fees following the granting of Defendant's Motion to Dismiss in the amount of $7,000.

DATED this 2nd day of April, 2009

By    /s/Luan K. Phan
Luan K. Phan in Pro Per

COPY of the foregoing
mailed and emailed on April 1, 2009 to:

Peter Kristofer Strojnik, Esq.
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona  85012
pksesq@aol.com

/s/Luan K. Phan_____

_____