**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik; Peter Strojnik, P.C., ) | No. CV-09-0128-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Heart Tronics, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it motions to dismiss by defendants David Ribakoff (doc. 8); Luan Kinh Phan (doc. 10); Joseph Maher (doc. 13); Pollet, Richardson & Patel (doc. 25)[1]; and Heart Tronics' joinder in these motions (doc. 15); plaintiffs' response and alternative motion to conduct jurisdictional discovery (doc. 16); and defendant Luan Kinh Phan and Joseph Maher's replies (doc. 23, 27). We also have before us motions to dismiss the first amended complaint by Luan Kinh Phan (doc. 34), Joseph Maher (doc. 36), David Ribakoff (doc. 39), and Heart Tronics' joinder in the motions (doc. 37); plaintiffs' responses (doc. 38, 40); and defendant Phan' reply (doc, 41).

---

[1] Strojnik filed a notice dismissing defendant Pollet, Richardson & Patel ("PRP") (doc. 31). Therefore, PRP's motion to dismiss is denied as moot (doc. 25).

Plaintiff Peter Strojnik alleges that on February 14, 2008, he received an unsolicited facsimile promoting Signalife, Inc. (now known as Heart Tronics, Inc.) stock. Strojnik sent a demand letter to Signalife's principal office in Studio City, California, asserting that Signalife had violated the Telephone Consumer Protection Act ("TCPA") and threatening to file a class action lawsuit. In response, Signalife retained the legal services of Richardson & Patel, LLP, including two lawyers employed by the firm, defendants David Ribakoff and Luan Kinh Phan. On June 12, 2008, Phan filed a declaratory action in California state court on behalf of Signalife, seeking a declaration that Signalife had not violated the TCPA ("California action"). Strojnik advised defendants that they lacked personal jurisdiction over him and filed a motion to quash the service of summons.[2] On September 3, 2008, Richardson & Patel was substituted out as counsel for Signalife and replaced by defendant Joseph Maher. On October 16, 2008, the California state court granted Strojnik's motion to quash.

Strojnik then filed the present action, alleging that defendants engaged in abuse of process and civil conspiracy when they filed the California action, knowing that they lacked personal jurisdiction over Strojnik. Strojnik seeks $22,000 in compensatory damages, $500,000 in emotional distress damages, and $5 million in punitive damages.

Defendants, all of whom are California residents, now move to dismiss the present lawsuit for lack of personal jurisdiction, or alternatively, to transfer venue to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a). After the initial motions to dismiss were filed, Strojnik filed an amended complaint removing defendants' wives as parties. Defendants then filed new motions to dismiss the amended complaint, alleging identical arguments as presented in their original motions. Therefore, the original motions are denied as moot (docs. 8, 10, 13).

---

[2] Ironically, Strojnik now asserts a comparable basis for personal jurisdiction over defendants in the present action that he contested in the California action, and which forms the basis for his abuse of process claim. The incongruity of Strojnik's relative positions calls into question the legitimacy of his claim.

1    We may consider the motion for change of venue under 28 U.S.C. § 1404(a) without
2 first deciding whether we have personal jurisdiction over these defendants. In Sinochem Int'l
3 Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 425, 127 S. Ct. 1184, 1188 (2007), the
4 Court held that a court may consider the question of *forum non conveniens* without first
5 deciding whether it has subject matter or personal jurisdiction.  The Court permitted the
6 preliminary review of non-merits issues such as *forum non conveniens*, reasoning that
7 "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." Id. at
8 431, 127 S. Ct. at 1191-92 (quotation omitted).  The same rationale applies to motions for
9 change of venue under 28 U.S.C. § 1404(a), which codified the *forum non conveniens*
10 doctrine, and like *forum non conveniens*, is a threshold, "non-merits ground for dismissal."
11 Id. at 432, 127 S. Ct. at 1192.

12    A case may be transferred to another venue under 28 U.S.C. § 1404(a) "[f]or the
13 convenience of parties and witnesses, [and] in the interest of justice." The goal of § 1404(a)
14 "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the
15 public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S.
16 612, 616, 84 S. Ct. 805, 809 (1964) (quotation omitted).  We decide motions to transfer
17 according to "an individualized, case-by-case consideration of convenience and fairness,"
18 Stewart. Org. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988), examining
19 factors such as (1) plaintiff's choice of forum, (2) the location where the claim arose, (3) the
20 parties' respective contacts with the forum, (4) the ease of access to sources of proof, (5) the
21 availability of compulsory process to compel attendance of unwilling non-party witnesses,
22 and (6) the forum most familiar with the governing law. Jones v. GNC Franchising, Inc., 211
23 F.3d 495, 498-99 (9th Cir. 2000).  Although substantial weight is accorded plaintiff's choice
24 of forum, it is just one of several factors to be considered and is not dispositive of venue.
25 Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

26    In the present case, there is no connection between Arizona and the facts alleged in
27 the complaint.  The central facts underlying Strojnik's claim (the filing of the allegedly
28 frivolous action) all occurred in California.  All defendants reside in California.  All of the

- 3 -

1 witnesses, other than Strojnik, reside in California. The Central District of California has a
2 substantial interest in this case because it involves an alleged abuse of California's judicial
3 process. Finally, the Central District of California is more familiar with the applicable
4 California state law, including application of the anti-SLAPP statute, Cal. Civ. Proc. Code
5 § 425.16. Therefore, based on the totality of the circumstances, we conclude that the balance
6 of convenience and fairness weighs strongly in favor of transfer.

**IT IS ORDERED DENYING** defendant's original motions to dismiss as moot (docs. 8, 10, 13, 25), and **DENYING** plaintiffs' motion for jurisdictional discovery (doc. 16).

**IT IS ORDERED GRANTING** defendants' alternative motions to transfer venue (docs. 34, 36, 39).

**IT IS ORDERED** transferring this case to the United States District Court for the Central District of California.

DATED this 27th day of May, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge